IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-305 T<br>Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

ANSWER

Defendant, the United States of America, for its Answer to the Plaintiffs' Complaint, admits, denies, and alleges as follows, and respectfully denies each and every allegation contained in the Complaint that is not expressly admitted below. Defendant further:

1. Admits the allegations in paragraph 1 of the Complaint.

2. Admits the allegations in paragraph 2 of the Complaint.

3. Admits that, pursuant to 28 U.S.C. § 1491, this Court has jurisdiction to hear and decide the allegations contained in Count Two of the Complaint, and otherwise denies the allegations in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint, and avers that the IRS received Plaintiff's consolidated income tax return on or about September 16, 1998, and that Plaintiff paid the income tax reflected on the return.

5. Denies the allegations in paragraph 5 of the Complaint, and avers that the address reflected on the return is not as stated.

6. Admits that the electric generation plant that is the subject of the Plaintiff's shelter transaction is referred to as the "RoCa3 Investment," that the RoCa3 facility is owned by N.V. Electriciteitsbedrijf Zuid Holland ("South Holland Electric"), and otherwise denies the allegations contained in paragraph 6 of the Complaint.

7. Admits the allegations in paragraph 7 of the Complaint.

8. Admits that the IRS conducted an audit of the Plaintiff's 1997 consolidated income tax return and that the IRS disputes the Plaintiff's tax treatment of the tax shelter transaction, avers that the IRS regularly audits the income tax returns of Plaintiff and other large corporations, and otherwise denies the allegations in paragraph 8 of the Complaint.

9. Admits the allegations in paragraph 9 of the Complaint.

10. Admits the allegations in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint, and avers that the payment referred to was made on or about November 15, 2005.

12. Admits the allegations in paragraph 12 of the Complaint.

13. Admits the allegations in paragraph 13 of the Complaint.

14. Denies the allegations in paragraph 14 of the Complaint.

15. Admits the allegations in paragraph 15 of the Complaint, except denies that Plaintiff is entitled to a refund.

16. Denies the allegations in paragraph 16 of the Complaint, and avers that the claim for refund was neither allowed nor denied prior to the commencement of this action.

17. Admits the allegations contained in paragraph 17 of the Complaint.

18. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Admits the allegations in paragraph 19 of the Complaint.

20. Admits that Plaintiff is a regulated public utility and provides electric services to customers in the state of New York, and avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint.

21. Admits that, as a regulated public utility, Plaintiff was subjection to regulations promulgated by the New York Public Service Commission ("PSC"), and avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint.

22-27. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 22 to 27 of the Complaint.

28. Admits the allegations contained in the first and second sentences of paragraph 28, and avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint.

29. Admits that Gramercy Development, Inc. became Con Edison Development, Inc., and avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint.

30. Admits the allegations in the first sentence of paragraph 30, and avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint.

31-44. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 31 to 44 of the Complaint.

45. Admits that Plaintiff entered into an abusive tax shelter transaction involving an electric facility referred to as RoCa3, that such facility is located in The Netherlands, and that such facility is owned by South Holland Electric, and avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint.

46. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, except admits that Banc One Leasing Corp. is a participant in Plaintiff's abusive tax shelter transaction.

48. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. Admits that Plaintiff retained consultants in furtherance of an abusive tax shelter scheme, and otherwise denies the allegations in paragraph 49 of the Complaint.

50. Admits that Plaintiff retained Duke Engineering in furtherance of an abusive tax shelter scheme, and otherwise denies the allegations in paragraph 50 of the Complaint.

51. Admits that Duke Engineering prepared a report containing certain conclusions regarding the abusive tax shelter scheme, avers that the report should be referred to for a full expression of its terms, and further avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Admits that Plaintiff retained Tauw Milieu in furtherance of an abusive tax shelter scheme, and avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint.

53. Admits that Tauw Milieu prepared a report, avers that the report should be referred to for a full expression of its terms, and further avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the Complaint.

54. Admits that Plaintiff retained Deloitte & Touche in furtherance of an abusive tax shelter scheme, and that Deloitte & Touche issue a report dated December 15, 1997; avers that such report should be referred to for a full expression of its terms; and further avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint.

55. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Admits that the report issued by Deloitte & Touche concludes that the "remaining useful life of the Facility as of the Closing Date is at least 54 years," and otherwise denies the allegations in paragraph 56 of the Complaint.

57-60. Avers that Defendant’s attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 57 to 60 of the Complaint.

61. Admits that Con Edison Leasing purported to execute a “lease” with South Holland Electric regarding the RoCa3 plant for approximately 43.2 years and that Con Edison leasing “subleased” the facility back to South Holland Electric for approximately 20.1 years, and avers that Defendant’s attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of the Complaint.

62. Admits that Con Edison Leasing participated in an abusive tax shelter scheme via a trust, and avers that Defendant’s attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 of the Complaint.

63. Admits that according to the terms of the purported lease the allegations contained in the first and second sentences are accurate, and avers that Defendant’s attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 of the Complaint.

64. Avers that Defendant’s attorneys are without knowledge or information as to the true source of the funds for the initial rent “payment” under the Headlease or that any payment actually occurred; admits that Plaintiff purported to borrow funds; and avers that Defendant’s attorneys are

without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 64 of the Complaint, including, but not limited to, whether Plaintiff borrowed funds and whether Plaintiff incurred transaction costs as alleged.

65. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 65, and otherwise denies the remaining allegations in paragraph 65 of the Complaint.

66. Denies the allegations in paragraph 66 of the Complaint.

67. Denies the allegations in paragraph 67 of the Complaint, and avers that the Sublease should be referred to for a full expression of its terms.

68. Denies the allegations in paragraph 68 of the Complaint, and avers that the documents identified should be referred to for the full expression of their terms.

69. Denies the allegations in paragraph 69 of the Complaint, and avers that the documents referenced should be referred to for a complete expression of their terms.

70. Denies the allegations in paragraph 70 of the Complaint.

71. Denies the allegations in paragraph 71 of the Complaint.

72. Denies the allegations in the first sentence, and avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of the Complaint.

73. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74. Denies the allegations in paragraph 74 of the Complaint.

75. Denies the allegations in paragraph 75 of the Complaint.

76. Denies the allegations in paragraph 76 of the Complaint.

77. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78. Incorporates its responses to paragraphs 1 through 77, supra, as if each were separately set forth herein.

79. Admits the allegations in paragraph 79 of the Complaint, and otherwise denies any applicability to this lawsuit.

80. Denies the allegations in paragraph 80 of the Complaint.

81. Denies the allegations in paragraph 81 of the Complaint.

82-83. Avers that Defendant's attorneys are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 82 to 83 of the Complaint.

84. Denies the allegations in paragraph 84 of the Complaint.

85. Denies the allegations in paragraph 85 of the Complaint.

86. Denies the allegations in paragraph 86 of the Complaint.

87. Admits that the purported lease states that Con Edison Leasing is to make rent payments, and otherwise denies the allegations in paragraph 87 of the Complaint.

88. Admits that the purported lease states that South Holland Electric is to make rent payments to Con Edison Leasing, and otherwise denies the allegations in paragraph 88 of the Complaint.

89. Denies the first sentence of paragraph 89, admits the remaining allegations in paragraph 89 of the Complaint, and avers that proposed regulations were issued on June 3, 1996.

90. Admits the allegations in paragraph 90 of the Complaint.

91. Denies the allegations in paragraph 91 of the Complaint.

92. Admits the existence of a safe harbor, but denies Plaintiff's characterization of the safe harbor provision in the 467 regulations, avers that such regulations should be seen for a complete expression of its terms, and otherwise denies the allegations in paragraph 92 of the Complaint.

93. Denies the allegations in paragraph 93 of the Complaint.

94. Denies the allegations in paragraph 94 of the Complaint.

95. Denies the allegations in paragraph 95 of the Complaint.

## ADDITIONAL DEFENSES

96. Plaintiffs are not entitled to the tax losses claimed because the tax shelter transaction and components thereof lacked economic substance and/or constitute a sham.

97. The tax deductions at issue fail when the step transaction doctrine is applied and the steps which comprise the tax shelter are collapsed and then viewed as a single transaction.

98. Plaintiff is not entitled to an interest expense deduction with respect to its "non-recourse loan," because such loan does not result in a use of the loan proceeds by Plaintiff nor a true forbearance by its lender.

99. The tax shelter transaction here at issue creates, at most, a contingent future leasehold interest and Plaintiff is therefore not entitled to any present deductions on account thereof.

100. To the extent that Count One of the Plaintiff's Complaint can be construed to seek relief with respect to any tax year occurring before or after Plaintiff's 1997 tax year, the relief sought violates the Anti-Injunction Act (26 U.S.C. § 7421), the Declaratory Judgment Act (28 U.S.C. § 2201), and constitutes a variance from its claim for refund,

and therefore this Court lacks jurisdiction to hear such claim.

101. The Plaintiff's participation in an illegal tax shelter transaction did not constitute an investment for federal tax purposes and any reference to the transaction as an "investment" is specifically denied.

s/ David N. Geier
DAVID N. GEIER
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3448
Facsimile: (202) 307-0054

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
JOSEPH A. SERGI
Trial Attorney

s/ David Gustafson
Of Counsel

July 19, 2006