# EXHIBIT 25

U.S. Department of Justice

Tax Division

Facsimile No. (202) 307-0054
Trial Attorney: David N. Geier
Attorney's Direct Line: (202) 616-3448

Please reply to: Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

EJO'C:DG:SF:DNGeier
154-2457
CMN 2006103503

February 22, 2007

**Also via Facsimile (312) 706 9187**

Thomas C. Durham, Esquire
Nicole M. Bielawski, Esquire
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606

Re: Consolidated Edison Company of New York, Inc. & Subsidiaries
v. United States
Fed. Cl. No. 06-305 T

Dear Tom and Nicole:

Enclosed please find a subpoena directed to Banc One Leasing Corp., now known as Chase Equipment Leasing, Inc. requesting the production of certain documents. The subpoena relates to the above-captioned matter.

You have advised us that you represent Banc One Leasing Corp.'s successor in interest, and that you have agreed to accept service of the enclosed subpoena on your client's behalf. Also, please note that the subpoena response date is March 23, 2007, and that the subpoena directs your client to produce the subpoenaed documents at the United States Attorney's Office in Columbus Ohio. Of course, your client may comply by delivering the responsive documents to this office.

In producing documents in response to this subpoena, we request that you organize the documents according to the request(s) to which they are responsive.

Please call me if you have any questions. Thank you for your attention to these matters.

Sincerely,

DAVID N. GEIER
JOSEPH A. SERGI
Trial Attorney, Tax Division
United States Department of Justice

Enclosures

cc: Carmen Baerga, Esq.



ls

ACKNOWLEDGMENT OF WAIVER OF PERSONAL SERVICE

____________________________________________________
NAME OF REPRESENTATIVE AUTHORIZED TO ACCEPT SERVICE OF PROCESS

_________________________
TITLE

_________________________
DATE SIGNED

_________________________
SIGNATURE

# United States Court of Federal Claims

Consolidated Edison Company of New York, Inc. & Subsidiaries,

vs

THE UNITED STATES

No. 06-305-T

## SUBPOENA

To Chase Equipment Leasing, Inc. (fka Banc One Leasing Corp.)
1111 Polaris Parkway

Columbus, OH 43240

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY

COURTROOM

DATE AND TIME

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

PLACE OF DEPOSITION

DATE AND TIME

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached hereto.

U.S. Attorney's Office, Southern District of Ohio, 303 Marconi Blvd., Suite 200 Columbus, OH 43215 * — March 23, 2007 11:00 a.m.

PLACE (* Alternative arrangements can be made) — DATE AND TIME

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES

DATE AND TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. RULE 30(b)(6).

Attorney of Record for Defendant — February 22, 2007

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) — DATE

DAVID N. GEIER, JUSTICE DEPT., TAX DIVISION, COURT OF FEDERAL CLAIMS SECTION, P.O. BOX 26, BEN FRANKLIN STATION, WASHINGTON, DC 20044, (202) 616-3448

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER



2259398.1

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

**PROOF OF SERVICE**

DATE PLACE

**SERVED**

SERVED ON (PRINT NAME) MANNER OF SERVICE

☐ Fees tendered for one day's attendance and mileage allowed by law.

(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

**DECLARATION OF SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the proof of Service is true and correct.

Executed on ________________________

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45.

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph(d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance; or

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iii) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute an resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A TO SUBPOENA DIRECTED TO CHASE EQUIPMENT LEASING, INC. (FKA BANC ONE LEASING CORP.)

## DEFINITIONS AND INSTRUCTIONS

1. The words "document" and "writing" are to be liberally construed to include all records or other tangible forms which are in your possession or custody or subject to your control. This includes, but is not limited to drafts or finished versions, originals, copies, nonidentical copies, (whether by reason of handwritten notations on them or otherwise), and applies regardless of however the document may have been created, produced or stored (whether manually, mechanically, electronically, or otherwise). To be clear, documents shall include any and all types of writings, drawings, graphs, charts, photographs, and data compilations, whether in written, computerized, electronically stored or other format. Defendant requests that any and all computerized and electronically stored information be produced in reasonably usable form.

2. If any document would have been responsive to these requests no longer exists, please state the following for each document: the date of destruction, the reason for destruction, and the person(s) responsible for the decision to destroy the document(s) and for the actual destruction of the documents.

3. The term "Con Ed" shall refer to Consolidated Edison Company of New York, Inc. & Subsidiaries, and affiliated companies, including, but not limited to, Consolidated Edison Development, Inc., Consolidated Edison Leasing, Inc., and Consolidated Edison, Inc.

4. The term "Banc One" shall refer to Banc One Leasing Corp. its related affiliates, subsidiaries, successors, and assigns, including, but not limited to, and any person, officer, director, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.

5. The term "EZH" shall refer to N.V. Electriciteitsbedrifj Zuid-Holland, its related affiliates, subsidiaries, successors, and assigns, including, but not limited to, Preussen Elektra A.G. and E.ON Benelux Generation N.V., and any person, officer, director, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.

6. The term "RoCa3" shall refer to the gas fired CHP facility located in the Netherlands on the border between Rotterdam and Capelle aan den IJessel, constituting the third unit alongside two previously built units, which was owned by EZH on or about December 15, 1997.

DOCUMENTS REQUESTED

Request No. 1: All documents within the possession, custody or control of Banc One that refer to, discuss, evidence or relate to the inception, promotion, recommendation, consideration, planning, approval, implementation, and/or oversight of the transaction between Banc One and EZH involving the purported lease and sublease of an undivided interest in the RoCa3 facility.

Request No. 2: All documents within the possession, custody or control of Banc One that refer to, discuss, evidence or relate to the inception, promotion, recommendation, consideration, planning, approval, implementation, and/or oversight of the transaction between Con Ed and EZH involving the purported lease and sublease of an undivided interest in the RoCa3 facility.

Request No. 3: All documents within the possession, custody or control of Banc One that refer to, discuss, evidence or relate to the acquisition of EZH by Preussen Elektra AG and the effect of such acquisition on the Lease Transaction.

Request No. 4: All documents evidencing communications between Banc One and Con Ed that refer to, discuss, evidence or relate to the inception, promotion, recommendation, consideration, planning, approval, implementation, and/or oversight of any other transactions substantially similar to the series of transactions in which Banc One and Con Ed purported to lease from EZH and immediately sublease back to EZH respective undivided interests in the RoCa3 facility and/or the transaction described in Revenue Ruling 2002-69, 2002-2 C.B. 760 (copy attached hereto as Exhibit A-1), from 1996 through 2001.

Request No. 5: All documents within the possession, custody or control of Banc One that refer to, discuss, evidence or relate to the inception, promotion, recommendation, consideration, planning, approval, implementation, and/or oversight following lease transactions:

a. NUON lease (Netherlands);

b. MEGA Gas and Thermal Distribution lease/leaseback (Netherlands);

c. EPON lease (Netherlands);

d. ENECO lease (Netherlands);

e. ENN lease (Nethelands);

f. ENW gas lease (Netherlands);

g. MCN lease (United States);

h. ELECTRABEL power plant lease/leaseback (Belgium);

i. Diefland gas and thermal distribution lease/leaseback (Netherlands);

j. Linz power plant lease/leaseback (Austria);

k. UNA power plant lease/leaseback (Netherlands);

l. EG Laufenburg lease/leaseback (Switzerland);

m. Humber power lease/leaseback (United Kingdom);

n. EWZ electric transmission grid lease/leaseback (Switzerland);

o. ESAG lease (Germany);

p. REMU lease (Netherlands);

q. DELTA lease (Netherlands);

r. ZETA/TEL lease (Netherlands);

s. EDON lease (Netherlands);

t. DEW lease (Germany);

u. VASA lease (Germany); and

v. SWISCO lease (Switzerland).

Request No. 6: All documents within the possession, custody or control of Banc One that refer to, discuss, evidence or relate to the inception, promotion, recommendation, consideration, planning, approval, implementation, and/or oversight of any transactions considered by Banc One and Con Ed during the time period from 1996 through 2001, not identified in Request Nos. 1 and 5, which are substantially similar to the series of transactions in which Banc One and Con Ed purported to lease from EZH and immediately sublease back to EZH respective undivided interests in the RoCa3 facility and/or the transaction described in Revenue Ruling 2002-69, 2002-2 C.B. 760 (copy attached hereto as Exhibit A-1).

Request No. 7: All copies and drafts of the document entitled "Lease Screening Criteria" dated July 21, 1997 in the possession, custody or control of Banc One.

<u>Request No. 8:</u> All documents in the possession, custody or control of Banc One that evidence promotional, marketing or presentation materials regarding the type of transaction described in Revenue Ruling 2002-69, 2002-2 C.B. 760, from the time period 1996 through 2001.

<u>Request No. 9:</u> All documents in the possession, custody or control of Banc One that contain an analysis or discussion of Revenue Ruling 2002-69, 2002-2 C.B. 760.

<u>Request No. 10:</u> All documents in the possession, custody or control of Banc One that contain an analysis or discussion of the Final Regulations issued by the Department of Treasury on May 18, 1999, which are entitled "Section 467 Rental Agreements; Treatment of Rent and Interest Under Certain Agreements for the Lease of Tangible Property," and which may be found at 64 FR 26845-01, including the impact these Final Regulations would or may have on transactions substantially similar to the transaction referred to in Request No. 1 and/or the transaction described in Revenue Ruling 2002-69, 2002-2 C.B. 760.

<u>Request No. 11:</u> A copy of all versions of Banc One's document retention policies in place at any time from 1996 through the present.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-305 T<br>Judge Marian Blank Horn |

NOTICE OF ISSUANCE OF SUBPOENAS DUCES TECUM

The United States of America, by and through its undersigned counsel, pursuant to Court of Federal Claims Rule 45(b)(1) hereby gives notice of the issuance of the attached subpoena duces tecum issued to Chase Equipment Leasing Inc. (f/k/a Banc One Leasing Corp.).

DAVID N. GEIER
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3448
Facsimile: (202) 307-0054

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

JOSEPH A. SERGI
Trial Attorney
JAMES E. WEAVER
Trial Attorney
ADAM R. SMART
Trial Attorney

February 22, 2007

CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, a copy of the foregoing Notice of Issuance of Subpoena Duces Tecum was sent via United States Mail, postage prepaid, addressed to the following:

Thomas C. Durham, Esq.
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606

DAVID N. GEIER
Trial Attorney, Tax Division
U.S. Department of Justice

# EXHIBIT 26

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-305 T |
| | ) | Judge Marian Blank Horn |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM

The United States of America, by and through its undersigned counsel, pursuant to Court of Federal Claims Rule 45(b)(1) hereby gives notice of the issuance of the attached subpoena duces tecum issued to Mitchell & Titus LLP.

DAVID N. GEIER
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3448
Facsimile: (202) 307-0054

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

JOSEPH A. SERGI
Trial Attorney
JAMES E. WEAVER
Trial Attorney
ADAM R. SMART
Trial Attorney

February 6, 2007

CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2007, a copy of the foregoing Notice of Issuance of Subpoena Duces Tecum was sent via United States Mail, postage prepaid, addressed to the following:

Thomas C. Durham, Esq.
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606

DAVID N. GEIER
Trial Attorney, Tax Division
U.S. Department of Justice

# United States Court of Federal Claims

Consolidated Edison Company of New York, Inc. & Subsidiaries,

vs

THE UNITED STATES

No. 06-305-T

**SUBPOENA**

**To** Mitchell & Titus L.L.P.
One Battery Park Plaza, 27th Floor
New York, NY 10004

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY

COURTROOM

DATE AND TIME

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

PLACE OF DEPOSITION

DATE AND TIME

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached hereto.

U.S. Attorney's Office, Southern District of New York, One St. Andrews Plaza, New York, NY 10007 * February 28, 2007 11:00 a.m.

PLACE (* Alternative arrangements can be made) DATE AND TIME

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES

DATE AND TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. RULE 30(b)(6).

Attorney of Record for Defendant February 6, 2007

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

DAVID N. GEIER, JUSTICE DEPT., TAX DIVISION, COURT OF FEDERAL CLAIMS SECTION, P. O. BOX 26, BEN FRANKLIN STATION, WASHINGTON, DC 20044, (202) 616-3448

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

**PROOF OF SERVICE**

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

☐ Fees tendered for one day's attendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

**DECLARATION OF SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45.

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph(d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance; or

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iii) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute an resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT A TO SUBPOENA DIRECTED TO MITCHELL & TITUS, LLP

**DEFINITIONS AND INSTRUCTIONS**

1. The words DOCUMENT and WRITING are to be liberally construed to include all records or other tangible forms which are in your possession or custody or subject to your control. This includes, but is not limited to drafts or finished versions, originals, copies, nonidentical copies, (whether by reason of handwritten notations on them or otherwise), and applies regardless of however the document may have been created, produced or stored (whether manually, mechanically, electronically, or otherwise). To be clear, documents shall include any and all types of writings, drawings, graphs, charts, photographs, and data compilations, whether in written, computerized, electronically stored or other format. Defendant requests that any and all computerized and electronically stored information be produced in reasonably usable form.
2. If any DOCUMENT would have been responsive to these requests no longer exists, please state the following for each DOCUMENT: the date of destruction, the reason for destruction, and the person(s) responsible for the decision to destroy the DOCUMENT(s) and for the actual destruction of the DOCUMENTS.
3. The term "CON ED" shall refer to Consolidated Edison Company of New York, Inc. & Subsidiaries, and its related affiliates, subsidiaries, successors, and assigns, including, but not limited to, Garmercy Development, Inc., Consolidated Edison Development, Inc., Consolidated Edison Leasing, Inc., and Consolidated Edison, Inc. and any person, officer, director, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.
4. The term "EZH" shall refer to N.V. Electriciteitsbedrifj Zuid-Holland, its related affiliates, subsidiaries, successors, and assigns, including, but not limited to, Preussen Elektra A.G. and E.ON Benelux Generation N.V., and any person, officer, director, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.

5. The term "ROCA3" shall refer to the gas fired CHP facility located in the Netherlands on the border between Rotterdam and Capelle aan den IJessel, constituting the third unit alongside two previously built units, which was owned by EZH on or about December 15, 1997.

6. The term "BANC ONE" shall refer to Banc One Leasing Corp. its related affiliates, subsidiaries, successors, and assigns, including, but not limited to, and any person, officer, director, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.

7. The term "LEASE TRANSACTION" shall refer to the series of transactions pertaining to the ROCA3 facility as described in paragraphs 61-77, inclusive of the complaint, attached hereto as Exhibit A-1.

8. The term "LEASE TRANSACTION PARTICIPANTS" refers to the following entities: ABN AMRO Bank N.V.; Hollandsche Bank-Unie N.V.; EZH; CON ED; Credit Suisse Financial Products; Credits Suisse First Boston; Bayerische Landesbank AG; Wilmington Trust Co.; ABB Leasing GmbH; and any and all affiliated businesses, successors, assigns, predecessor or successor businesses, and any person, officer, director, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.

9. The term "CAPSTAR" refers to Capstar Partners L.L.C., its related affiliates, subsidiaries, successors, and assigns, and any person, officer, director, member, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.

10. The term "CORNERSTONE" refers to Cornerstone Financial Advisors L.P., its related affiliates, subsidiaries, successors, and assigns, and any person, officer, partner, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.

11. The term "M&T" refers to Mitchell & Titus, LLP, its related affiliates, subsidiaries, successors, and assigns, and any person, officer, partner, accountant, lawyer, agent, or entity acting on behalf of any of the foregoing organizations.

**DOCUMENTS REQUESTED**

REQUEST NO. 1: Complete copies of audited financial statements, including but not limited to, all audit opinions and workpapers, for CON ED for the years 1997 through to the present, in the possession, custody or control of M&T.

REQUEST NO. 2: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the LEASE TRANSACTION.

REQUEST NO. 3: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the valuation for financial statement classification purposes of the ROCA3 facility for the years 1997 through to the present.

REQUEST NO. 4: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the calculation for financial statement classification, or any other purpose, of the LEASE TRANSACTION for the years 1997 through to the present.

REQUEST NO. 5: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the calculation for financial statement classification, or any other purpose, of leases entered into by CON ED for the years 1997 through to the present.

REQUEST NO. 6: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the calculation for financial statement classification, or any other purpose, of leases considered by CON ED for the years 1997 through to the present, including, but not limited to the following lease transactions:

a. NUON lease (Netherlands);

b. MEGA Gas and Thermal Distribution lease/leaseback (Netherlands);

c. EPON lease (Netherlands);

d. ENECO lease (Netherlands);

e. ENN lease (Netherlands);

f. ENW gas lease (Netherlands);

g. MCN lease (United States);

h. ELECTRABEL power plant lease/leaseback (Belgium);

i. Diefland gas and thermal distribution lease/leaseback (Netherlands);

j. Linz power plant lease/leaseback (Austria);

k. UNA power plant lease/leaseback (Netherlands);

l. EG Laufenburg lease/leaseback (Switzerland);

m. Humber power lease/leaseback (United Kingdom);

n. EWZ electric transmission grid lease/leaseback (Switzerland);

o. ESAG lease (Germany);

p. REMU lease (Netherlands);

q. DELTA lease (Netherlands);

r. ZETA/TEL lease (Netherlands);

s. EDON lease (Netherlands);

t. DEW lease (Germany);

u. VASA lease (Germany); and

v. SWISCO lease (Switzerland).

<u>REQUEST NO. 7</u>: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the calculation for financial statement classification, or any other purpose, of leveraged leases entered into by CON ED at any time from 1997 through to the present.

<u>REQUEST NO. 8</u>: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the calculation for financial statement classification, or any other purpose, of leveraged leases considered by CON ED at any time from 1997 through to the present, including, but not limited to the lease transactions listed in REQUEST NO. 6..

<u>REQUEST NO. 9</u>: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the preparation or review of CON ED's State and

Federal income tax returns, including, but not limited to, provision workpapers, schedule M-1 adjustments, and tax return preparation workpapers for the periods from 1997 to the present.

REQUEST NO. 10: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to the determination of CON ED's permanent and temporary differences between book and taxable income, including, but not limited to, workpapers used in determinations of FASB Statement 96, APB No. 11, FASB Statement 109, and/or FASB Statement 115 calculations for the years 1997 through to the present.

REQUEST NO. 11: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to any correspondence or communications between M&T and LEASE TRANSACTION PARTICIPANTS at any time during 1997 through to the present, which pertain to the LEASE TRANSACTION.

REQUEST NO. 12: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, or relate in any way to any correspondence or communications between M&T and LEASE TRANSACTION PARTICIPANTS at any time during 1997 through to the present, which pertain to leveraged lease transactions considered or entered into by CON ED.

REQUEST NO. 13: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, evidence, contain or relate in any way to any correspondence or communications between M&T and BANC ONE at any time during 1997 through to the present, which pertain to leveraged lease transactions considered or entered in to by CON ED.

REQUEST NO. 14: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, evidence, contain or relate in any way to any correspondence between M&T and CAPSTAR, at any time during 1997 through to the present, which pertain to leveraged lease transactions considered or entered into by CON ED.

REQUEST NO. 15: All DOCUMENTS in the possession, custody, or control of M&T that concern, describe, contain or relate in any way to any correspondence between M&T and

CORNERSTONE, at any time during 1997 through to the present, which pertain to leveraged lease transactions considered or entered into by CON ED.

REQUEST NO. 16: All DOCUMENTS in the possession, custody or control of M&T that contain an analysis of Revenue Ruling 2002-69, 2002-2 C.B. 760, attached hereto as Exhibit A-2.

REQUEST NO. 17: All DOCUMENTS in the possession, custody or control of M&T that contain an analysis or discussion of the Final Regulations issued by the Department of Treasury on May 18, 1999, which are entitled "Section 467 Rental Agreements; Treatment of Rent and Interest Under Certain Agreements for the Lease of Tangible Property," and which may be found at 64 FR 26845-01, including the impact these Final Regulations would or may have on transactions similar to the LEASE TRANSACTION and/or the transaction described in Revenue Ruling 2002-69, 2002-2 C.B. 760.

REQUEST NO. 18: All DOCUMENTS within the possession, custody or control of M&T that refer to, discuss, evidence, or relate in any way to the acquisition of EZH by Preussen Elektra AG and the effect of such acquisition on the LEASE TRANSACTION.

REQUEST NO. 19: A copy of all of M&T's document retention policies in place at any time during 1997 through to the present.