**No. 06-305 T**
**(Judge Marian Blank Horn)**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**CONSOLIDATED EDISON COMPANY**
**OF NEW YORK, INC. & SUBSIDIARIES**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

---

# DEFENDANT'S MOTION FOR PROTECTIVE ORDER

---

**EILEEN J. O'CONNOR**
***Assistant Attorney General***

**DAVID GUSTAFSON**
**STEVEN I. FRAHM**
**DAVID N. GEIER**
**JOSEPH A. SERGI**
**JAMES E. WEAVER**
**ADAM R. SMART**
***Attorneys***
***Tax Division***
***Department of Justice***
***Washington, D.C. 20044***
**(202) 616-3448 (telephone)**
**(202) 307-0054 (facsimile)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The United States' Interests in Not Disclosing the Requested Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B. Plaintiff's Interests in Disclosure of the Requested Information . . . . . . . . 6

C. Relevance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TABLE OF AUTHORITIES

**FEDERAL CASES**

*Acord v. United States*, 92 F.R.D. 355 (D. Mo. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*International Business Machines Corp. v. United States*, 343 F.2d 914 (Ct. Cl. 1965), *cert. denied*, 382 U.S. 1028 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*International Paper Co. v. United States*, 36 Fed. Cl. 313 (1996) . . . . . . . . . . . . . . . . 6, 10

*Marriott Intern. Resorts, L.P. v. United States*, 61 Fed. Cl. 411 (2004) . . . . . . . . . . . 7- 9

*Pikes Peak Family Housing, LLC v. United States*, 40 Fed. Cl. 673 (1998) . . . . . . . . . . . 3

*Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972) . . . . . . . . . . . . . . . . 3

*United States v. Nordberg*, 1996 WL. 170119 (D. Mass.), *aff'd*, 97 F.3d 1445 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**DOCKETED CASES**

*Mayer, Brown, Roe & Maw, LLP v. Internal Revenue Service*, No. 04-2187 (D.D.C. Nov. 28, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-6, 9

**FEDERAL STATUTES**

5 U.S.C. § 552(b)(7)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**REGULATORY MATERIALS**

61 F.R. 27834-01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**COURT RULES**

Court of Federal Claims Rule 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

**No. 06-305 T**
**(Judge Marian Blank Horn)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff is seeking the disclosure of redacted portions of the Internal Revenue Service's Coordinated Issue Program Appeals Settlement Guidelines for Lease-in/Lease-out (LILO) transactions. The disclosure of this highly confidential information would be extremely prejudicial to the United States' efforts to enforce the law and challenge the very large tax deductions claimed in these tax shelters. In addition the information is not relevant to the determination whether Plaintiff is entitled to the tax benefits it has claimed. Counsel for the United States discussed the disclosure issues with Plaintiff's counsel in correspondence and by telephone in a good faith effort to resolve the matter, but was unsuccessful. The Court's assistance is essential, and defendant submits the following in support of its motion:

## QUESTION PRESENTED

Whether the United States is entitled to a protective order to prevent the disclosure of redacted portions of the Internal Revenue Service Coordinated Issue Program Appeals Settlement Guidelines for Lease-in/Lease-out transactions where disclosure would be highly prejudicial to the United States' tax shelter enforcement efforts and the information is not relevant and beyond the scope of permissible discovery.

## SUMMARY OF ARGUMENT

Plaintiff is not entitled to obtain the unredacted final version of the Internal Revenue Service Coordinated Issue Program Appeals Settlement Guidelines for Lease-in/Lease-outs (LILOs) UIL 9307-07-00 (February 23, 2004) ("Appeals Settlement Guidelines") it has sought in discovery. The disclosure of the Appeals Settlement Guidelines would be unduly prejudicial to the United States, because its release would frustrate the United States' law enforcement activities. Further, the information sought by Plaintiff is not within the scope of discovery, because this is a *de novo* proceeding and the Appeals Settlement Guidelines are not relevant to whether the statutes and judicial authority entitle Plaintiff to the tax benefits it has claimed.[1]

## FACTS

On October 4, Plaintiff served the following document request:

REQUEST NO. 4: All unredacted copies of the Coordinated Issue Program Appeals Settlement Guidelines for Lease-in/Lease-out (LILOS), UIL 9307-07-00 (February 23, 2004).

---

[1]Plaintiff's counsel has indicated that they obtained redacted copies of the final version of the document as well as certain unredacted versions of drafts of the document outside the course of this litigation. Although Plaintiff now claims the Settlement Guidelines are relevant, it did not identify these documents in its Rule 26 disclosures, nor has it produced the documents to the United States in response to discovery requests.

The government timely objected as follows:

United States Response to Request No. 4:

> The United States objects to this request for reasons set forth in its general objections. In particular, all drafts of the documents covered by this request are protected from disclosure by the deliberative process privilege. Further, the United States notes that the protected status of both the drafts and final version of the requested document has been confirmed in the context of an action brought under the Freedom of Information act by counsel for the Plaintiff in the United States District Court for the District of Columbia and captioned Mayer, Brown, Roe & Maw, LLP v. Internal Revenue Service, No. 04-2187. (See Order dated November 28, 2006, Docket No. 34, attached hereto). In that case, the Court, after in camera review of the document sought in the instant request, held that if the document, or a draft thereof, was disclosed "the government's enforcement objectives would be impeded" and would create a risk of "circumvention of the law." Id. Thus, disclosure of the requested documents would be highly prejudicial to the United States.
>
> The United States further objects on the basis that the requested documents are immaterial to the instant action, not likely to lead to admissible evidence, and, moreover, are administrative in nature and irrelevant to the resolution of this de novo proceeding. Given the privileged and protected nature of the requested documents, and their lack of relevance to the instant matter, the United States is not producing the requested information.

**ARGUMENT**

Trial courts "have broad powers to regulate or prevent discovery and such powers have always been freely exercised." *Simons-Eastern Co. v. United States*, 55 F.R.D. 88, 89 (N.D. Ga. 1972). "[U]nder RCFC 26 and its counterpart, Federal Rules of Civil Procedure 26, courts resolve discovery disputes not on the basis of bright-line rules, but rather, by employing a flexible balancing analysis whereby the need for discovery is balanced against the harm, prejudice, and burden to the other party." *Pikes Peak Family Housing, LLC v. United States,* 40 Fed. Cl. 673, 683 (1998).

The balance of the considerations here strongly favor a protective order to prevent the disclosure of the redacted portions of the Appeals Settlement Guidelines.

A. The United States' Interests in Not Disclosing the Requested Information

Plaintiff's counsel, Mayer, Brown, Rowe & Maw, LLP, unsuccessfully litigated the disclosure of the Appeals Settlement Guidelines in another court. The United States District Court for the District of Columbia recently held that the information is protected and cannot be disclosed because, as discussed more thoroughly below, disclosure would allow taxpayers to unfairly use this information to the detriment of legitimate law enforcement objectives. *Mayer, Brown, Rowe & Maw, LLP v. Internal Revenue Service*, 04-2187 (D.D.C. Nov. 28, 2006) (A copy is attached hereto as Exhibit 1). Plaintiff's counsel's unsuccessful efforts to secure this same information in other litigation underscores the broad importance of the information to the United States' enforcement efforts and need for a protective order.

The information Plaintiff seeks contains IRS *settlement* strategies and objectives, assessments of litigating hazards, and acceptable settlement ranges. *Id.* In general, Appeals Settlement Guidelines set parameters by which IRS appeals officers enforce tax laws under the Internal Revenue Code. (2d Lambert-Dean Decl. ¶ 13, filed in *Mayer, Brown, Rowe & Maw, LLP*) (A copy of which is attached hereto as Exhibit 2). Although LILO transactions have been prohibited since 2004, there are still active settlement discussions ongoing between the IRS and taxpayers who engaged in LILO transactions. (*Id.*). The total tax at issue in LILO transactions is billions of dollars. (*Id.*). As explained in connection with the *Mayer, Brown, Rowe & Maw, LLP* case, at least as of February 15, 2006, more than 50 LILO cases were open and pending in IRS Appeals offices with an estimated total tax at issue of almost $1.5 billion. (*Id.*). In addition, the IRS advised in that litigation that there were more than a dozen LILO cases open in its Compliance function with an estimated total tax at issue of almost $1.2 billion. (*Id.*). There are

currently five LILO cases in litigation, and Plaintiff's counsel is counsel of record in the two that are pending in this Court (which includes this case). (*See* Docket No. 14). In the *Mayer, Brown, Rowe & Maw, LLP* litigation, the Appeals Division of the IRS estimated that approximately 80% of the affected LILO taxpayers had not yet resolved their tax liabilities. (2d Lambert-Dean Decl. ¶ 13.).

Disclosing the withheld information contained in the Appeals Settlement Guidelines would have a very real, immediate, and detrimental impact upon the Government's ability to negotiate settlements in open LILO cases. (2d Lambert-Dean Decl. ¶ 13.). The disclosure of approved settlement ranges and hazards assessments to those who may be attempting to assess whether the odds are in their favor if they try to stay hidden or whether they should risk presenting themselves to the IRS, as well as to current and potential future litigants, would imperil the Treasury. (*Id.*). Disclosure of the redacted portions of the Appeals Settlement Guidelines could prejudice the agency's interests in identifying which of the outstanding cases it should litigate. (*Id.*). Finally, as soon as the IRS or Congress takes action to halt one abusive tax avoidance scheme, taxpayers generally will attempt to morph their transactions in such a way as to create another. (*Id.*). Disclosure of the redacted information contained in the Appeals Settlement Guidelines would unfairly tip the balance in favor of those taxpayers who are attempting to circumvent the law by continuing to engage in activities which the IRS has clearly signaled it considers illegal. (*Id.*).

The United States District Court for the District of Columbia recognized these significant considerations when it ruled in favor of the IRS and prohibited the disclosure of the Appeals Settlement Guidelines. *Mayer, Brown, Rowe & Maw, LLP v. Internal Revenue Service*, 04-2187

(D.D.C. Nov. 28, 2006). The court held that the redacted information in the Appeals Settlement Guidelines was protected from disclosure under FOIA pursuant to 5 U.S.C. § 552(b)(7)(E), the Law Enforcement Exception to FOIA.[2] *Id.* In holding the information should not be disclosed, the Court agreed that disclosure of the redacted information would allow parties to unfairly use this information to their advantage and to the detriment of the United States' law enforcement objectives. *Id.* Given the United States' significant interest in enforcing the Internal Revenue Code in a consistent manner among all taxpayers, this type of disclosure is the hallmark of undue prejudice. If taxpayers knew how IRS personnel gauged the strength of its positions and the amounts at which the Service were willing to settle cases, they would have an unfair advantage in the negotiation process. Moreover, they would have the ability to gauge at what point "crime pays" – *i.e.*, when it pays to invest in a shelter even knowing that one will have to return some of the tax savings in a settlement. This information is especially important to the Plaintiff here, because this is not the only LILO transaction it has entered into.

B. Plaintiff's Interests in Disclosure of the Requested Information

Plaintiff argues that it needs the information in the Appeals Settlement Guidelines to prepare their case for trial. According to Plaintiff, the United States is "in possession of information that would demonstrate that the transaction at issue is not an abusive tax shelter." (Dec. 7, 2006 correspondence, relevant excerpt attached hereto as Exhibit 3). Whether Plaintiff's LILO transaction is an abusive tax shelter depends on the facts of the transaction and

---

[2]The court in *Mayer, Brown, Rowe & Maw, LLP* also recognized that similar types of general criteria used by the IRS in determining when to undertake compliance activity has also consistently been protected from discovery because its disclosure would enable taxpayers to unfairly ensure a low risk of enforcement activities.

the applicable law. Plaintiff does not suggest that the Appeals Settlement Guidelines contain any facts regarding their LILO transaction. The Appeals Settlement Guidelines contain the IRS's analysis and opinion of the law, but it is not an independent source of law. Plaintiff has the burden of proof to establish that they are entitled to the tax treatment they claimed for the LILO transaction, and the views of the IRS do not establish the law and are not relevant evidence to meet Plaintiff's burden. *International Paper Co. v. United States*, 36 Fed. Cl. 313, 320 (1996).

Plaintiff's counsel contended during a telephone conference that because the unredacted portions of the Appeals Settlement Guidelines cite to a revenue ruling (among other statutes and legal authority), it is entitled to discover the redacted portions of the Appeals Settlement Guidelines. As support, he appears to rely on a line of cases that allow discovery of materials underlying a revenue ruling when the Court will have to evaluate different interpretations of law that have been applied at different points in time. *See Marriott Intern. Resorts, L.P. v. United States*, 61 Fed. Cl. 411, 415-16 (2004). As discussed below that line of cases has no application here.

First, in *Marriott*, the discovery of information, which the Court acknowledged, was of limited relevance, was only allowed because the plaintiff there argued that the IRS was taking a position inconsistent with "well-settled" law, and "longstanding" practice of nearly twenty years prior to the taxpayer's decision to enter into the transaction, and then changed its position to the detriment of the taxpayer in that case. *Id.* at 414. That is not the factual situation here.

Second, the materials sought here are not the same kind as were at issue in *Marriott*. Plaintiff is not seeking information *underlying* a revenue ruling; it is seeking settlement information. In addition, the revenue ruling Plaintiff refers to predates the Appeals Settlement

Guidelines by several years.[3] Thus, the Appeals Settlement Guidelines are very different than the materials at issue in *Marriott*.

Plaintiff next claims that the Appeals Settlement Guidelines are "inconsistent with the United States' litigating position in this case" (Exhibit 3), rendering the document discoverable. Plaintiff makes no assertion that the IRS has taken a position inconsistent with well established law or longstanding practice relied upon by Plaintiff in its decision to enter into the transaction. *See Marriott*, 61 Fed. Cl. at 414. More than a year before Plaintiff entered into the LILO transaction at issue, the IRS published proposed Rules in June 1996 concerning Section 467 Rental Agreements, *see* 61 FR 27834-01, which proposed rendering the tax treatment sought by Plaintiff here invalid in all LILO transactions. Thus, there is no inconsistent position.[4]

The United States is in possession of documents indicating that Plaintiff received numerous opinions from tax counsel evaluating the likelihood that the particular LILO transaction would be declared invalid by the IRS (as an abusive tax shelter) and the extent to which the IRS could support such a claim under the law as it stood prior to the publication of the Final Regulations. (*See*, *e.g.*, US03450-51, US01594-97, and PF006115-18, attached hereto as

[3]The Appeals Settlement Guidelines, an internal IRS document, was, as acknowledged by Plaintiff's own Request for Production, issued in February 2004, *over six years after Plaintiff entered into the instant transaction*. It is unclear how internal IRS settlement information, created over six years after Plaintiff entered into the instant LILO transaction, has any bearing on Plaintiff's burden to demonstrate whether the transaction at issue is valid under established case law, especially where Plaintiff had long been aware that it was the IRS's position that rent and interest deductions sought in this refund suit would not be permitted.

[4]Even if the Department of Justice adopted a position in litigation inconsistent with a legal conclusion previously expressed by the IRS, the inconsistency cannot entitle Plaintiff to tax benefits otherwise unavailable under the law. Plaintiff's inquiry regarding an inconsistency is irrelevant and cannot entitle them to the redacted portions of the Appeals Settlement Guidelines.

Exhibits 4, 5 & 6 respectively). Those documents indicate that the only risk to Plaintiff in entering into the transaction was a tax risk – that its desired tax treatment would be disallowed. (*See* Exhibit 5). In fact, as indicated by documents in the United States' possession, Plaintiff was well aware of the suspect nature of the transaction at issue, and sped up the closing of the LILO transaction in an endeavor to close the transaction prior to the final rules going into effect. (*See* US07047-48, attached hereto as Exhibit 7). Moreover, Plaintiff abandoned consideration of other LILO transactions following implementation of the final rules. (*See* US03207 & CE012018-23, at 12022, attached hereto as Exhibits 8 & 9 respectively). Thus, Plaintiff cannot credibly argue that the Appeals Settlement Guidelines is necessary to show an inconsistency in the IRS's position or that a LILO is not considered an abusive tax shelter.[5] Unlike *Marriott*, Plaintiff cannot claim it relied on information provided by the IRS that is inconsistent with the United States' current position.

The United States' significant tax enforcement responsibilities and the severe prejudice that would result if the Appeal Settlement Guidelines were disclosed justify the protective order.

C. Relevance

In addition to the document's protected status, the information Plaintiff seeks is not within the scope of discovery, because it is not relevant and would not lead to the discovery of admissible evidence. The IRS' previous analysis of the type of transaction Plaintiff has engaged

[5]In addition to the fact that the document itself would not be relevant in the instant case, its production is not likely to lead to admissible evidence, as any further discovery engaged in by Plaintiff regarding the redacted materials, such as inquiry regarding the reasons for reaching the conclusions contained in the document, would concern matters protected by the deliberative process privilege. *See Mayer, Brown, Rowe & Maw, LLP v. Internal Revenue Service*, 04-2187 (D.D.C. Nov. 28, 2006).

in here, including the specific transaction itself, are simply not relevant to a determination of the transaction's tax treatment in the instant matter. *International Paper Co.*, 36 Fed. Cl. at 320. *See also International Business Machines Corp. v. United States*, 343 F.2d 914, 919 (Ct. Cl. 1965) ("taxpayers can never avoid liability for a ... tax by showing that others have been treated generously, leniently, or erroneously by the Internal Revenue Service-each individual must rest ... on the validity of his own position, under the applicable taxing provision independently of the others."), *cert. denied*, 382 U.S. 1028 (1966); *United States v. Nordberg*, 1996 WL 170119, at *3 (D. Mass.) (noting that if taxpayer's treatment of a particular item on its return was erroneous, the taxpayer is liable "regardless of what an IRS agent, at any time, might have thought.") (unpublished), *aff'd*, 97 F.3d 1445 (1st Cir. 1996) (a copy is attached hereto as Exhibit 10).[6] Therefore the information is beyond the scope of discovery as defined by RCFC 26(b). Plaintiff took the position in its December 1, 2006, correspondence that the Settlement Guidelines are relevant because the Appeals Settlement Guidelines are "inconsistent with the United States' litigating position in this case." (Exhibit 4). Plaintiff cannot meet its burden of establishing the validity of the transaction under established case and statutory law with the opinions of IRS personnel. *See International Paper Co.*, 36 Fed. Cl. at 320. Plaintiff thus makes no claim at all that the requested information might lead to the discovery of admissible evidence. We cannot imagine how it could in any event.

---

[6]Further, where, as here, there is no claim of disparate or arbitrary treatment by the IRS, but simply a refund claim, documents pertaining to internal IRS views of published rulings and information pertaining to how the IRS deals with other taxpayers are outside the scope of discovery. *Acord v. United States*, 92 F.R.D. 355, 357 (D. Mo. 1981).

## CONCLUSION

For the reasons stated above, this Court should enter a Protective Order, providing that Plaintiff is not entitled to the discovery of the unredacted portions of the Appeals Settlement Guidelines sought in Request for Production Number 4.

Respectfully submitted,

s/ David N. Geier
DAVID N. GEIER
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3448
Facsimile: (202) 307-0054

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
JOSEPH A. SERGI
JAMES E. WEAVER
ADAM R. SMART
Trial Attorneys

s/ Steven I. Frahm
Of Counsel

March 16, 2007