# EXHIBIT A-4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No.: 06-305 T<br><br>Hon. Marian Blank Horn |

**PLAINTIFF'S THIRD SUPPLEMENT TO RESPONSES TO UNITED STATES' FIRST SET OF INTERROGATORIES**

Pursuant to Rule of Court of Federal Claims ("RCFC") 33, Plaintiff, Consolidated Edison Company of New York, Inc. & Subsidiaries ("Con Edison"), provides the following supplement to its Responses to the United States' First Set of Interrogatories. This supplement is provided subject to the general objections and limitations set forth in Plaintiff's Responses to United States' First Set of Interrogatories.

Plaintiff is continuing to review the matters subject to this proceeding and reserves the right to supplement and/or amend its responses as necessary.

**THIRD SUPPLEMENTAL RESPONSE**

**INTERROGATORY NO. 12:** If Plaintiff executed a tax indemnity agreement, set forth the terms of each such agreement, explaining the reasons for entering the agreement.

**RESPONSE:** Plaintiff incorporates its initial response to Interrogatory No. 12, which stated:

> A copy of the Tax Indemnity Agreement was provided as part of Plaintiff's Rule 26(a) disclosure. The Tax Indemnity Agreement was entered into to address the matters set forth therein. Plaintiff objects to this Interrogatory to the extent it seeks legal advice concerning the reasons for entering into the Tax Indemnity Agreement.

Plaintiff further states that it entered into the Tax Indemnity Agreement based upon the advice of its counsel, Shearman & Sterling. The substance of this advice is protected by the attorney client privilege and/or work-product immunity. Plaintiff believes that Shearman & Sterling may have negotiated the terms of the Tax Indemnity Agreement with White & Case, which advised South Holland Electric. Plaintiff does not recall receiving advice regarding the Tax Indemnity Agreement from Cornerstone Financial Advisors.

**INTERROGATORY NO. 16:** State the basis for your decision to form a trust to enter into the Lease Transaction.

**RESPONSE:** Plaintiff incorporates its initial response to Interrogatory No. 16, which stated:

> The use of ownership trusts is a standard and customary practice in the leveraged leasing industry. Con Edison objects on the grounds of attorney-client privilege to the extent that this Interrogatory requests legal advice provided to Con Edison concerning the legal reasons for forming a trust.

Plaintiff further states that it entered into an ownership trust based upon the advice of its counsel, Shearman & Sterling. The substance of this advice is protected by the attorney client privilege and/or work-product immunity.

Dated: March 15, 2007

Respectfully submitted by:

THOMAS C. DURHAM
Attorney of Record
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7216

By: [signature]
NICOLE M. BIELAWSKI
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3452

## CERTIFICATE OF SERVICE

I, Nicole M. Bielawski, hereby certify that on this 15th day of March, 2007, I caused the foregoing Plaintiff's Third Supplement to Responses to the United States' First Set of Interrogatories to be served upon the United States of America by overnight delivery, to the following:

David N. Geier
U.S. Department of Justice
Tax Division, Room 7919
555 Fourth Street, N.W.
Washington, D.C. 20001

NICOLE M. BIELAWSKI
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3452

**DECLARATION**

I, hereby declare, under penalties of perjury, that Plaintiff's foregoing Third Supplement to Responses to the United States' First Set of Interrogatories is true and complete to the best of my knowledge.

Andrew Scher
Assistant General Counsel
Consolidated Edison Company of New York, Inc.

# EXHIBIT A-5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | Case No.: 06-305 T |
| v. | ) | Hon. Marian Blank Horn |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSES TO**
**UNITED STATES' FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule of Court of Federal Claims ("RCFC") 34, Plaintiff, Consolidated Edison Company of New York, Inc. & Subsidiaries ("Con Edison"), provides the following response to the United States' First Request for Production, subject to the objections and limitations specified.

Plaintiff is continuing to review the matters subject to this proceeding and reserves the right to supplement and/or amend its responses as necessary.

**GENERAL OBJECTIONS**

1. Con Edison objects to the United States' First Request for Production to the extent that the Requests call for the production of documents that are subject to any claim of privilege or protection or that were prepared in anticipation of litigation. This includes, without limitation, the attorney-client privilege or the work-product protection. The inadvertent production by Con Edison of any document protected by the attorney-client privilege, the work-product protection or any other privilege shall not constitute a waiver of the applicable privilege or protection as to that document or any other related documents.

2. Con Edison objects to the United States' First Request for Production to the extent that the United States purports to impose any requirement or discovery obligation other than or beyond those set forth in the RCFC or other applicable rules.

3. Con Edison objects to the United States' First Request for Production to the extent that the Requests call for documents already known to be in the United States' possession.

4. Con Edison objects to the United States' First Request for Production to the extent that the Requests seek immaterial and/or irrelevant documents. By producing documents, Con Edison does not concede that the documents produced are material and/or relevant to any claims or defenses, or even that such documents are reasonably calculated to lead to the discovery of admissible evidence.

5. By producing documents in response to the United States' First Request for Production, Con Edison does not waive any of its objections and expressly reserves its right to object to the admissibility of the documents produced.

6. Con Edison objects to the United States' Definitions in its First Request for Production to the extent that the Definitions define words to have something other than their ordinary meaning or employ grammar, syntax and usage different from ordinary English grammar, syntax and usage. Con Edison will not speculate as to the meaning of vague language within the First Request for Production and will assume that the United States has written the questions they intend to ask.

Con Edison hereby incorporates each of the foregoing General Objections into each of the following responses to the United States' First Request for Production, and provides each response subject to and without waiving these General Objections.

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMETNS**

**REQUEST NO. 1:** All documents identified, described, mentioned or referenced to in your response to the Interrogatories served concurrently herewith.

**RESPONSE:** Con Edison produces, to the extent not previously produced in its Rule 26(a) disclosures and to the extent not privileged, the documents referenced in its responses to Interrogatories No. 1 through 16. These documents are bates stamped # PF005521 through 7333.

With respect to Interrogatory No. 2, subject to and without waiving its objections, the following is a partial list of documents included in Plaintiff's Rule 26(a) disclosure identifying other lease-in, lease-out transactions considered by Plaintiff: Bates ## PF004250-87, 4288-4323, 4525-4558, 5504-07, and 6438-89.

With respect to Interrogatory No. 14, subject to and without waiving its objections, Bates # PF004426-48 identifies some of the infrastructure projects reviewed by Con Edison. Con Edison Development, Inc. regularly reviewed infrastructure projects and a compilation of a complete list of such projects would be unduly burdensome.

Interrogatories 7 and 15 are overlapping, and the majority of the documents produced in response to Request for Production No. 1 are responsive to both Interrogatory 7 and 15. Bates # PF006492 through 7321 includes workpapers utilized by Deloitte & Touche in their appraisal.

**REQUEST NO. 2:** All documents relied upon or reviewed by you in preparing your responses to the Interrogatories served concurrently herewith.

**RESPONSE:** To the extent that Request No. 2 seeks the production of documents which Con Edison reviewed but did not rely upon in responding to the United

States' Interrogatories No. 1 through 16, Con Edison objects to the Request as overbroad and unduly burdensome, immaterial and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The fact that Con Edison did not rely upon a particular document indicates that the document was not relevant to its responses to the Interrogatories, notwithstanding Con Edison's review of that document in preparing its responses.

**[Remainder of Page Intentionally Blank]**

Subject to and without waiving its objection, Con Edison has produced all documents it relied upon in preparing its responses to Interrogatories No. 1 through 16 in response to Request No. 1.

Dated: November 3, 2006

Respectfully submitted by:

THOMAS C. DURHAM
Attorney of Record
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7216

By: Nicole Bielawski
NICOLE M. BIELAWSKI
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3452

DAVID F. ABBOTT
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2642

## CERTIFICATE OF SERVICE

I, Nicole M. Bielawski, hereby certify that on this 3rd day of November, 2006, I caused the foregoing Plaintiff's Responses to the Government's First Request for Production to be served upon the United States of America by hand, to the following:

David N. Geier
U.S. Department of Justice
Tax Division, Room 7919
555 Fourth Street, N.W.
Washington, D.C. 20001

THOMAS C. DURHAM
Attorney of Record
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7216

By: [signature]
NICOLE M. BIELAWSKI
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3452

# EXHIBIT A-6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 06-305 T |
| | ) | Hon. Marian Blank Horn |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST SUPPLEMENT TO RESPONSES TO UNITED STATES' FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule of Court of Federal Claims ("RCFC") 34, Plaintiff, Consolidated Edison Company of New York, Inc. & Subsidiaries ("Con Edison"), provides the following supplement to its Responses to the United States' First Request for Production. This supplement is provided subject to the general objections and limitations set forth in Plaintiff's Responses to United States' First Request for Production.

Plaintiff is continuing to review the matters subject to this proceeding and reserves the right to supplement and/or amend its responses as necessary.

**FIRST SUPPLEMENTAL RESPONSE**

**REQUEST NO. 1:** All documents identified, described, mentioned or referenced to in your response to the Interrogatories served concurrently herewith.

**RESPONSE:** Con Edison produces, to the extent not previously produced in its Rule 26(a) disclosures and its Response to the United States' First Request for Production

and to the extent not privileged, the documents referenced in its responses to Interrogatories No. 1 through 16. These documents are bates numbered PF#07334 through 7842.

Dated: November, 17 2006

Respectfully submitted by:

THOMAS C. DURHAM
Attorney of Record
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7216

By: Nicole Bielawski
NICOLE M. BIELAWSKI
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3452

DAVID F. ABBOTT
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2642

**CERTIFICATE OF SERVICE**

I, Nicole M. Bielawski, hereby certify that on this 17th day of November, 2006, I caused the foregoing Plaintiff's First Supplement to Responses to the United States' First Request for Production to be served upon the United States of America by courier, to the following:

David N. Geier
U.S. Department of Justice
Tax Division, Room 7919
555 Fourth Street, N.W.
Washington, D.C. 20001

NICOLE M. BIELAWSKI
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3452

# EXHIBIT A-7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No.: 06-305 T

Hon. Marian Blank Horn

**PLAINTIFF'S SECOND SUPPLEMENT TO RESPONSES TO <u>UNITED STATES' FIRST REQUEST FOR PRODUCTION</u>**

Pursuant to Rule of Court of Federal Claims ("RCFC") 34, Plaintiff, Consolidated Edison Company of New York, Inc. & Subsidiaries ("Con Edison"), provides the following supplement to its Responses to the United States' First Request for Production. This supplement is provided subject to the general objections and limitations set forth in Plaintiff's Responses to United States' First Request for Production.

Plaintiff is continuing to review the matters subject to this proceeding and reserves the right to supplement and/or amend its responses as necessary.

**<u>FIRST SUPPLEMENTAL RESPONSE</u>**

**<u>REQUEST NO. 1:</u>** All documents identified, described, mentioned or referenced to in your response to the Interrogatories served concurrently herewith.

**<u>RESPONSE:</u>** Con Edison produces, to the extent not previously produced in its Rule 26(a) Disclosures and First Supplement thereof and its Response to the United States' First Request for Production and First Supplement thereof and to the extent not

privileged, the documents referenced in its responses to Interrogatories No. 1 through 16. These documents are bates numbered PF#07843 through 9624.

Dated: December 13, 2006

Respectfully submitted by:

THOMAS C. DURHAM
Attorney of Record
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7216

By: [signature]
NICOLE M. BIELAWSKI
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3452

DAVID F. ABBOTT
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2642

## CERTIFICATE OF SERVICE

I, Nicole M. Bielawski, hereby certify that on this 13th day of December, 2006, I caused the foregoing Plaintiff's First Supplement to Responses to the United States' First Request for Production to be served upon the United States of America by courier, to the following:

David N. Geier
U.S. Department of Justice
Tax Division, Room 7919
555 Fourth Street, N.W.
Washington, D.C. 20001

NICOLE M. BIELAWSKI
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3452