**No. 06-305 T**
**(Judge Marian Blank Horn)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**CONSOLIDATED EDISON COMPANY**
**OF NEW YORK, INC. & SUBSIDIARIES**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

---

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

---

On March 16, 2007, the United States moved this Court for the issuance of a Protective Order, preventing Plaintiff from discovering the redacted portions of the Internal Revenue Service Coordinated Issue Program Appeals Settlement Guidelines for Lease-in/Lease-outs (LILOs) UIL 9307-07-00 (February 23, 2004) ("Appeals Settlement Guidelines"). Plaintiff specifically requested these Appeals Settlement Guidelines in a Request for Production. The disclosure of the Appeals Settlement Guidelines would result in great harm to the United States' law enforcement efforts against tax shelters. Moreover, the Appeals Settlement Guidelines are not evidence of any facts regarding the LILO transaction at issue here and cannot help this Court determine the applicable law. The Guidelines simply are not relevant to the resolution of this case.

Plaintiff filed its opposition on April 2, 2007. In its opposition, Plaintiff now states it no longer is seeking the Guidelines to the extent they relate to law enforcement activities:

> In view of the representation made by the United States in Defendant's motion, Con Edison NY no longer seeks those portions of the Appeals Settlement Guidelines which relate to law enforcement activities, such as potential settlement ranges and enforcement policies. Con Edison NY agrees to confine its request to those portions of the Appeals Settlement Guidelines which set forth the IRS's factual and legal analysis of lease-in, lease-out transactions.

(Opposition at 1). Plaintiff's concession appears to leave little, if anything, in dispute, since the *only* items redacted from the publicly available Appeals Settlement Guidelines *relate to law enforcement activities*.[1] (2d Lambert-Dean Decl. ¶ 13, filed in *Mayer, Brown, Rowe & Maw, LLP*) (A copy of which was attached as Exhibit 2 to the Motion for Protective Order). The United States District Court for the District of Columbia, in *Mayer, Brown, Rowe & Maw, LLP v. Internal Revenue Service*, 04-2187 (D.D.C. Nov. 28, 2006), held that the redacted information in dispute here is protected from disclosure pursuant to the Law Enforcement Exception to FOIA.[2] The IRS' analysis of LILO transactions in reaching possible settlement ranges and enforcement policies constitutes law enforcement activity. As a result, Plaintiff is not entitled to any additional information and the Court should grant the request for protective order.

Notwithstanding its concession that it is expressly not seeking information on law enforcement activities, Plaintiff's Opposition argues that the Internal Revenue Service's views

[1] Counsel for the United States contacted Plaintiff's counsel and requested clarification of its position. Plaintiff's counsel explained that it was not seeking the possible settlement ranges as set forth in the guidelines.

[2] The court also recognized that similar types of general criteria used by the IRS in determining when to undertake compliance activity has also consistently been protected from discovery because its disclosure would enable taxpayers to unfairly ensure a low risk of enforcement activities.

regarding LILO transactions, as set forth in the Appeals Settlement Guidelines, are relevant and discoverable. Plaintiff is incorrect. The information Plaintiff is seeking is not discoverable, not only because it is related to law enforcement activity, but because it is irrelevant.

This refund suit is a *de novo* proceeding. *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932). A court reviews the disputed transaction and its treatment under the Internal Revenue Code *de novo*, and will not look behind the assessment to the Commissioner's reasoning. *Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1, 6 (2001); *Anastasato v. Commissioner*, 794 F.2d 884, 886-87 (3d Cir. 1986); *R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991); *Ruth v. United States*, 823 F.2d 1091, 1094 (8th Cir. 1987); *Pasternak v. Commissioner*, 990 F.2d 893, 898 (6th Cir. 1993). Accordingly, here the Court is called upon to interpret and apply the law, *de novo*, to the facts of the LILO transaction, and reach an independent conclusion whether Plaintiff is entitled to a refund.

Plaintiff offers no explanation how the Appeals Settlement Guidelines – issued in 2004, many years *after* Plaintiff entered into its transaction – are relevant to the *de novo* determination regarding Plaintiff's LILO transaction. In fact, the only connection between the position of the IRS and this proceeding suggested by Plaintiff is that the United States' statement of the law "replicates" that of the IRS. (Opposition at 8). Oddly, Plaintiff asserts that it is entitled to discover the Appeals Settlement Guidelines, because the United States responded in discovery that a different IRS internal document – the Revenue Agent's Report prepared during audit – constitutes "the most comprehensive recitation of fact and analysis" of the transaction at issue in this case. (*Id.*). Plaintiff did not, however, acknowledge that the rest of the Government's discovery response stated: "[h]owever, this is a *de novo* proceeding, and the United States is not

bound by the administrative disposition of the Plaintiff's claim for refund." (Opposition, Ex. H at 091). In any event, the Government's reference to the IRS' analysis of the specific transaction at issue in this litigation, or its agreement with prior IRS legal analyses, neither establishes facts about the transaction, nor constitutes legal precedent, much less opens up discovery regarding the IRS' thoughts in the Appeals Settlement Guidelines about LILO transactions as a class.

Plaintiff's reliance on *Jade Trading, LLC. v. United States*, 65 F.Cl. 487 (2005), is also misplaced. (Opposition at 9). First, as described above, the United States has not put Revenue Ruling 2002-69 at issue. Second, the Appeals Settlement Guidelines do not underlie Revenue Ruling 2002-69. Finally, the United States is not relying on the Appeals Settlement Guidelines.

Similarly, Plaintiff's reliance on *Marriott International Resorts, L.P. v. United States*, 61 Fed. Cl. 411 (2004) to suggest that an IRS change in position permits the contested discovery here is misplaced. (Opposition at 9-13). Even assuming the position of the IRS has "changed," according to Plaintiff this change occurred in 2002 (Opposition at 3), and therefore took place long after Plaintiff entered into the shelter transaction in 1997. Thus, the rationale of *Marriott* is not applicable here. *(See also* Deft.'s Motion at 7-8). Further, Plaintiff does not explain, because it cannot, how any of this is relevant to the Court's assessment of the bona fides of the transaction or whether Plaintiff is entitled to a tax refund as a matter of law. Plaintiff has failed to demonstrate the relevance of the information redacted from the released Appeals Settlement Guidelines to its entitlement to a tax refund.

For the reasons expressed in this reply, and in our motion, the United States requests that this Court issue an Order that discovery not be had concerning the redacted portions of the Internal Revenue Service Coordinated Issue Program Appeals Settlement Guidelines for Lease-in/Lease-outs (LILOs) UIL 9307-07-00 (February 23, 2004); and to grant any other relief that it deems just and proper.

Respectfully submitted,

s/ David N. Geier
DAVID N. GEIER
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3448
Facsimile: (202) 307-0054

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
JOSEPH A. SERGI
JAMES E. WEAVER
ADAM R. SMART
Trial Attorneys

s/ Steven I. Frahm
Of Counsel

April 11, 2007