# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | Case. No. 06-305T |
| v. | ) | Hon. Marian Blank Horn |
| UNITED STATES, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S SUPPLEMENTAL NOTICE OF COMPLIANCE WITH THE COURT'S ORDER OF MAY 7, 2007

The Plaintiff, Consolidated Edison Company of New York, Inc. & Subsidiaries ("Con Edison NY") respectfully files this Supplemental Notice of Compliance with the Court's Order of May 7, 2007 ("Order"), instructing Con Edison NY to provide certain materials in support of Plaintiff's Memorandum in Response to Defendant's Motion to Compel ("Plaintiff's Response"), by May 11, 2007.

The Court first instructed Con Edison NY to submit for *in camera* review copies of the three documents at issue in Defendant's Motion to Compel, which Con Edison NY has asserted are protected from disclosure by the work product doctrine. Con Edison NY sent true and correct copies of the three documents to the Court's chambers on May 10, 2007.

The Court's Order also instructed Con Edison NY to file any declarations in support of the work product protections asserted with respect to the three documents at issue in Plaintiff's Response. On May 11, 2007, Con Edison NY produced the Affidavit of Andrew W. Scher together with Plaintiff's Notice of Compliance with the Court's Order.

The Court's Order further instructed Con Edison NY to file "copies of any previously disclosed documents containing information similar to that contained in the three documents on which the work product privilege is claimed." In response, on May 11, 2007, Con Edison NY produced the opinion letter from Shearman & Sterling, dated February 18, 1998 (CE003006-10), and the draft opinion, dated December 1, 1997 (CE016539-44) (collectively, the "LILO Opinion"), which were attached as Exhibits (Exs. B-C) to Plaintiff's Notice of Compliance with the Court's Order of May 7, 2007.

To avoid any confusion, Plaintiff also provided *examples* of other disclosed documents which Con Edison NY believed did not contain information similar to the work product contained in the three documents at issue. *See* Exs. D-K. Plaintiff did not purport to provide an exhaustive list of such documents, but rather submitted examples to illustrate the types of disclosed documents that Plaintiff did not believe to be responsive to the Court's Order.

Since Con Edison NY filed its Notice of Compliance with the Court's Order of May 7, 2007, Defendant has informed Plaintiff that it believes other disclosed documents contain "information similar to that contained in the three documents" at issue. These documents are a July 12, 2005 opinion by Watson, Farley & Williams regarding the 1999 lease-leaseback transaction regarding the NUON facility ("July 12, 2005 Watson Farley NUON Opinion") (PF030515-PF030564); a July 12, 2005 opinion by Watson, Farley & Williams regarding the 1997 lease-leaseback transaction involving the EZH facility ("July 12, 2005 Watson Farley EZH Opinion) (PF030467-PF030512); and an excerpt from a Project Briefing Memorandum dated October 23, 1997 ("Project Briefing Memorandum Excerpt") (PF003819-PF003822), which is part of an 80 page document.

Con Edison NY does not believe these documents contain information similar to the documents at issue, but, given Defendant's assertions, Plaintiff makes them available to the Court in order to avoid unnecessary dispute.

- The July 12, 2005 Watson Farley NUON Opinion does not relate to the transaction at issue in this case, and therefore could not possibly disclose information similar to that contained in the documents submitted for *in camera* review, which relate to the EZH transaction. A copy of this document is attached hereto as Exhibit 1.

- The July 12, 2005 Watson Farley EZH Opinion (1) refers to the existence of the Shearman & Sterling opinion previously submitted by Plaintiff to the Court as containing information similar to that contained in the documents submitted for *in camera* review (PF030467), and (2) refers to a discussion in that disclosed Shearman & Sterling opinion regarding matters not discussed in the *in camera* review documents (PF030470). The July 12, 2005 Watson Farley Opinion does not reveal the substance of the Shearman & Sterling documents submitted for *in camera* review. *See, e.g.,* PF030467, PF030468 and n.4 at PF030470. This document is attached hereto as Exhibit 2.

- The Project Briefing Memorandum Excerpt (PF003819-PF003822) contains a "risk analysis" which relates to many different risks an investor in a lease-leaseback must consider. This document was drafted before either of the two Shearman & Sterling documents submitted for *in camera* review, and set out a discrete number of United States federal income tax risks. The anticipated "mitigation" for these risks was a "[l]egal opinion is **expected** to be a 'should.'" PF003821 and PF003822 [emphasis added]. This statement is only indicative of Con Edison NY's anticipation of receiving a "should" legal opinion. *Id.* The Project Briefing Memorandum also states the "estimated remaining risk level" is "low." *Id.* These statements do not reveal the contents of the Shearman & Sterling documents submitted for *in camera* review, and therefore do not contain information similar to that contained in the documents submitted for *in camera* review. Rather, these statements are similar to, and merely anticipate, those statements previously provided to the Court in Plaintiff's May 11, 2007 response as examples of statements that were not "similar." This document is attached hereto as Exhibit 3.

As discussed more fully in Plaintiff's Response, there is no subject-matter waiver of work product protection. Thus, a waiver of the attorney-client privilege on a particular subject matter does not affect a waiver of work product protection for that same subject matter. *See* Plaintiff's

Response at p. 8; *see also In re: Echostar Commc'n Corp.*, 448 F.3d 1294, 1300 (Fed. Cir. 2006), *cert. denied* 127 S. Ct. 846 (2006) ("The attorney-client privilege and the work-product doctrine, though related, are two distinct concepts and waiver of one does not necessarily waive the other."). In this case, in which Con Edison NY has not placed advice of counsel at issue, the waiver of attorney-client privilege does not affect a waiver of work product. The three documents at issue in the United States' Motion to Compel remain protected by work product.

Respectfully submitted this 25th day of May, 2007.

/s/ Thomas C. Durham
THOMAS C. DURHAM
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 701-7216
Email: tdurham@mayerbrownrowe.com
*Attorney for Plaintiff*

*Of Counsel:*

DAVID F. ABBOTT
MAYER, BROWN, ROWE & MAW LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2642
Email: dabbott@mayerbrownrowe.com

BRIAN W. KITTLE
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Driver
Chicago, Illinois 60606
Tel: (312) 701-8796
Email: bkittle@mayerbrownrowe.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2007, I filed a copy of the foregoing **Notice of Compliance with the Court's Order of May 7, 2007** using the Court's ECF/CM filing system. A notice of such filing will be automatically provided via the ECF/CM to counsel for the United States:

David N. Geier
U.S. Department of Justice, Tax Division
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044

/s/ Thomas C. Durham
THOMAS C. DURHAM
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 701-7216
Email: tdurham@mayerbrownrowe.com

*Attorney of Record*