# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * *

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES,**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * *

**No. 06-305T**
**Filed: June 11, 2007**

**O R D E R**

The court held a status conference in the above-captioned case on June 6, 2007, with the parties appearing by telephone. Defendant's motion for a protective order was **PARTIALLY GRANTED** in a bench ruling. After *in camera* review, the court identified specific, limited, additional portions of the Appeals Settlement Guidelines for disclosure. Furthermore, after *in camera* review, defendant's first motion to compel was **GRANTED** in a bench ruling. The court concluded that the plaintiff's documents sought by defendant did not meet the test of preparation in anticipation of litigation, and were not protected from disclosure under the attorney work-product privilege. The tax risk letter, the tax change letter, and the in-house memorandum at issue shall be disclosed to defendant. The court's rationale for both rulings is more fully developed in the transcript of the June 6, 2007 proceedings.

On June 7, 2007, the court received the parties' Joint Stipulated Proposed Scheduling Order. With the parties' proposed input, the court establishes the following **SCHEDULE**. Fact discovery shall close on or before **Friday, August 31, 2007**. Expert discovery shall close on or before **Friday, September 14, 2007**. A joint stipulation of facts shall be filed on or before **Friday, August 31, 2007**, with a supporting appendix, setting forth specific stipulations of agreed upon facts with appropriate citations to documents in the appendix. The parties also shall submit a joint statement of issues of law. For both submissions, the parties are to separately identify, if necessary, any statement of fact or issue of law which is not agreed upon by both parties, but which one party believes to be at issue in the case. In a **Friday, September 7, 2007**, joint status report, the parties shall indicate whether either proposes to file a motion for summary judgment. If either party indicates the appropriateness of a motion for summary judgment, the court will schedule a status conference prior to any motions being filed.

If all matters in this case are not settled or previously resolved, as previously scheduled, the trial in the case will commence on **Wednesday, October 17, 2007, at 9:00 a.m.**, and continue until all evidence is taken, in electronic courtroom 6, located on the fifth

floor of the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, DC. The Appendix A filings detailed in the Rules of the United States Court of Federal Claims (RCFC), are modified, as described below. The filings with the court are to include:

a. Witness List. On or before **Wednesday, September 19, 2007**, the parties shall file a joint statement setting forth a list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As to each witness, the parties shall indicate the party for which the witness will be testifying, the specific topics to be addressed in the expected testimony and the time needed for direct examination. The parties previously have agreed that overlapping witnesses who are to be called for both the plaintiff and the defendant will be examined at one sitting.

b. Issues of Fact and Law. On or before **Wednesday, September 19, 2007**, the parties shall file a joint statement of the issues of fact to be decided by this court. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues. As prescribed above, a joint statement of issues of law shall be filed on or before **Friday, August 31, 2007**.

c. Stipulations. As prescribed above, on or before **Friday, August 31, 2007**, The parties shall file a joint stipulation of facts containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible, even if motion practice is not indicated, in order to reduce the time required for trial.

d. Joint Trial Exhibit List. On or before **Wednesday, September 19, 2007**, the parties shall file a joint trial exhibit list divided into the following five sections:

(1) Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed. The court urges the parties to achieve as many joint exhibits as possible in order to reduce the time required for trial.

(2) Plaintiff's exhibits, to be numbered starting with 100-199, or 1000-1999, the number sequence to begin following the completion of the sequence of numbers used for the joint exhibits;

(3) Defendant's exhibits, to be numbered 200-299 or 2000-2999, the number sequence to begin following the completion of the sequence of numbers used for the plaintiff's exhibits;

(4) Plaintiff's objections to defendant's exhibits, including the basis for each objection; and

(5) Defendant's objections to plaintiff's exhibits, including the basis for each objection.

The actual exhibits shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court, and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook(s) with each exhibit sequentially numbered, and all pages of each exhibit sequentially numbered, starting with page one of the first exhibit through the last page of the last exhibit. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs also should be included in the bound volumes, if possible.

e. Deposition Testimony. On or before **Wednesday, September 19, 2007**, any party intending to present substantive evidence by way of deposition testimony, other than as provided by Federal Rule of Evidence 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to confer and cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

The court **SCHEDULES** a pretrial conference for **Wednesday, September 26, 2007 at 10:30 a.m. EDT** (in lieu of the September 11, 2007 conference). Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (312) 701-7216 and defendant's counsel at (202) 616-3448. On or before **Tuesday, September 25, 2007, at 12:00 p.m. EDT**, the attorneys of record shall advise chambers personnel, at (202) 357-6580, of the names and telephone numbers of any other participants in the pre-trial conference. The RCFC Appendix A filings, and any other matters preparatory for trial, will be discussed at the pretrial conference.

**IT IS SO ORDERED**.

s/ Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**