**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES,** | ) | |
| **Plaintiff,** | ) | **No. 06-305 T** |
| **v.** | ) | **Judge Marian Blank Horn** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT STATEMENT OF ISSUES OF LAW**

The Plaintiff, Consolidated Edison Company of New York and Subsidiaries, and the Defendant, United States of America, pursuant to the Court's Scheduling Order revised August 31, 2007, submit this Joint Statement of Issues of Law.

The parties agree that the Plaintiff has the burden of proof on all issues in this refund suit. *Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965); *Coltec Industries, Inc. v. United States*, 454 F.3d 1340 (2006), *cert. denied*, 127 S.Ct. 1261 (2007).

**PLAINTIFF'S SEPARATE STATEMENT:**

**I. Economic Substance Issue**

1. Whether the investment by Con Edison NY in the EZH lease and sublease transaction which closed December 15, 1997 (the "EZH Lease Transaction") has economic substance?

> *Frank Lyon Co. v. United States*, 435 U.S. 561, 583 (1978); *Coltec Industries, Inc. v. Commissioner*, 454 F.3d 1340, 1356 (2006); *Johnson v. United States*, 11 Cl. Ct. 17, 25 (1986); *Levy v. Commissioner*, 91 T.C. 838, 855-58 (1988);

*Cooper v. Commissioner*, 88 T.C. 84, 103-08 (1987); *Mukerji v. Commissioner*, 87 T.C. 926, 957-68 (1986); *Dunlap v. Commissioner*, 74 T.C. 1377, 1432-37 (1980), *rev'd on other grounds*, 670 F.2d 785 (8th Cir. 1982).

In deciding this issue, courts have considered the following subsidiary issues:

2. Whether the EZH Lease Transaction has economic substance if it can reasonably be expected, on an objective basis, to produce a pre-tax profit to Con Edison NY?

*Coltec*, 454 F.3d at 1356; *Rice's Toyota World, Inc. v. Commissioner*, 81 T.C. 184, 195-210 (1983), *aff'd on this issue*, 752 F.2d 89, 91-95 (4th Cir. 1985); *Johnson*, 11 Cl. Ct. at 25; *Levy*, 91 T.C. at 855-58; *Torres v. Commissioner*, 88 T.C. 702, 719 (1987); *Cooper*, 88 T.C. at 103-08; *Mukerji*, 87 T.C. at 960; Rev. Proc. 2001-28, 2001-1 C.B. 1156; Rev. Proc. 75-21, 1975-1 C.B. 715.

3. Whether, in measuring the pre-tax profit generated by a leasing transaction, the amount of pre-tax profit should be compared to the potential profit of other transactions?

*Hilton v. Commissioner*, 671 F.2d 316, 317 (9th Cir. 1982), *cert. denied*, 459 *U.S.* 907 (1982); *Johnson*, 11 Cl. Ct. at 36; *Estate of Thomas v. Commissioner*, 84 T.C. 412, 440 n.52 (1985); *Ockels v. Commissioner*, T.C. Memo 1987-507 n.15 (1987); Rev. Proc. 2001-28; Rev. Proc. 75-21; Treas. Reg. § 1.183-2(b)(9).

4. Whether, in measuring the pre-tax profit generated by a leasing transaction, the amount of profit should be compared to a benchmark rate of return?

*Hilton*, 671 F.2d at 317; *Johnson*, 11 Cl. Ct. at 36; *Estate of Thomas*, 84 T.C. at 440 n.52; *Ockels*, T.C. Memo 1987-507 n.15; Rev. Proc. 2001-28; Rev. Proc. 75-21; Treas. Reg. § 1.183-2(b)(9).

5. Whether, in determining the pre-tax profit sufficient to impart economic substance to a leasing transaction, it is sufficient that the investment in the leasing transaction was expected to produce more than a "modicum" of profit?

*Johnson*, 11 Cl. Ct. at 25.

6. Whether the tax deferral created by a leasing transaction is inconsistent with economic substance?

*Frank Lyon*; 435 U.S. at 580 n.15; *Johnson*, 11 Cl. Ct. at 30; *Levy*, 91 T.C. at 861; *Mukerji*, 87 T.C. at 968; *Gefen v. Commissioner*, 87 T.C. 1471, 1494 (1986).

7. Whether the investment by Con Edison NY in the EZH Lease Transaction has economic substance if it exhibits practical economic effects, such as any of the following characteristics:

a. it varies control of or changes the flow of economic benefits;

b. affects the taxpayer's financial position in any way; or

c. appreciably affects Con Edison NY's beneficial interests aside from creating a tax advantage?

*Coltec*, 454 F.3d at 1355-56, 1360; *ACM Partnership v. Commissioner*, 157 F.3d 231, 248 (3rd Cir. 1998), *cert. denied*, 526 *U.S.* 1017 (1999).

8. Whether Con Edison NY's investment in the EZH Lease Transaction has economic substance if it included the creation of genuine obligations enforceable by an unrelated party?

*United Parcel Service of America, Inc., v. Commissioner*, 254 F.3d 1014, 1018 (11th Cir. 2001).

9. Whether the investment by Con Edison NY in the EZH Lease Transaction has economic substance if it is found that Con Edison NY had a subjective business purpose in entering into the EZH Lease Transaction?

*Frank Lyon*, 435 U.S. at 583-84; *Coltec*, 454 F.3d at 1356; *Johnson*, 11 Cl. Ct. at 25; *Levy*, 91 T.C. at 855; *Mukerji*, 87 T.C. 959-60.

10. Whether the investment by Con Edison NY in the EZH Lease Transaction has economic substance if it was imbued with tax-independent considerations and was not shaped solely by tax-avoidance features?

*Frank Lyon*, 435 U.S. at 584; *Coltec*, 454 F.3d at 1356; *Johnson*, 11 Cl. Ct. at 25; *Levy*, 91 T.C. at 855-58; *Mukerji*, 87 T.C. at 958.

11. Whether, in determining the economic substance of the EZH Lease Transaction, it is determinative whether Con Edison NY would not have entered the transaction but for the tax advantages associated with the Transaction?

*Frank Lyon*, 435 U.S. at 580 n.15; *Johnson*, 11 Cl. Ct. at 30; *Mukerji*, 87 T.C. at 926; *Gefen*, 87 T.C. at 1494.

12. Whether the EZH Lease Transaction has economic substance if it has a business or corporate purpose and performs a purpose other than to reduce taxes?

*Coltec*, 454 F.3d at 1355.

13. Whether the investment by Con Edison NY in the EZH Lease Transaction has economic substance if it was compelled or encouraged by business or regulatory reality?

*Frank Lyon*, 435 U.S. at 583.

## II. <u>Substance Over Form Issues</u>

14. Whether the form of the EZH Lease Transaction as adopted by the parties should be respected if the transaction has economic substance, including a subjective business purpose, and an objective possibility of profit?

*Frank Lyon*, 435 U.S. at 583-84; *Levy*, 91 T.C. at 858; *Mukerji*, 87 T.C. at 958; *Estate of Thomas*, 84 T.C. at 432, 438; *Dunlap*, 74 T.C. at 1435-37.

15. Whether the form of the EZH Lease Transaction as adopted by the parties should be respected if Con Edison NY retained significant and genuine attributes of the traditional lessor status?

*Frank Lyon*, 435 U.S. at 583-84.

## III. <u>True Lease Issues</u>

16. Whether Con Edison NY or EZH should be treated as possessing the benefits and burdens of ownership with respect to Con Edison NY's leasehold interest in the RoCa3 Facility?

*Levy*, 91 T.C. at 859-62; *Torres*, 88 T.C. at 720-21; *Cooper*, 88 T.C. at 104-05; *Mukerji*, 87 T.C. at 967-68; *Estate of Thomas*, 84 T.C. at 431-33; *Dunlap*, 74 T.C. at 1435-37; *Belz Investment Co., Inc. v. Commissioner*, 72 T.C. 1209 (1979).

17. Whether Con Edison NY will be treated as the lessor if it has a significant exposure to and an expectation of profit from the residual value of the RoCa3 Facility with respect to its leasehold interest?

*Rice's Toyota*, 752 F.2d at 92, 94-95; *Torres*, 88 T.C. at 721; *Mukerji*, 87 T.C. at 961-62; *Estate of Thomas*, 84 T.C. at 433-34.

18. Whether an undivided interest in an electric generating facility, subject to a joint operating agreement, is property which can be separately leased for federal income tax purposes if the lessor:

a. holds an undivided interest in the facility with a remaining useful life that will entitle the lessor to a ratable share of the electrical capacity of the facility;

b. the lessor has access or rights to fuel and other necessary inputs required for supplying the facility for its useful life; and

c. the lessor can dispose of its share of the electricity produced by the facility on a commercially feasible basis because of access to the transmission system to the power grid?

Rev. Rul. 82-61, 1982-1 C.B. 13.

**A. The Lease from EZH to Con Edison NY**

19. Whether the Lease from EZH to Con Edison NY should be treated as a true lease for federal income tax purposes? In deciding this issue, courts have considered the following subsidiary issues:

a. whether the RoCa3 Facility will have a significant remaining economic useful life at the end of the Lease to Con Edison NY?

b. whether the RoCa3 Facility will have a significant residual value at the end of the Lease to Con Edison NY?

c. whether EZH will maintain a minimum equity investment in the RoCa3 Facility during the term of the Lease?

*Hines v. Commissioner*, 912 F.2d 736, 739 (4th Cir. 1990); *Rice's Toyota*, 752 F.2d at 92, 94-95; *Lockhart Leasing Co. v. United States*, 446 F.2d 269 (10th Cir. 1971); *Levy*, 91 T.C. at 859-62; *Torres*, 88 T.C. at 720-21; *Mukerji*, 87 T.C. at 926; *Estate of Thomas*, 84 T.C. at 433-34; *Dunlap*, 74 T.C. at 1435-37; *Belz*, 72 T.C. at 1209; *The LTV Corporation v. Commissioner*, 63 T.C. 39, 50 (1974); *Northwest Acceptance Corp. v. Commissioner*, 58 T.C. 836 (1972), a*ff'd*, 500 F.2d 1222 (9th Cir. 1974); Rev. Rul. 60-122, 1960-1 C.B. 56; Rev. Rul. 55-540, 1955-2 C.B. 39; Rev. Proc. 2001-28; Rev. Proc. 75-21.

**B. The Sublease from Con Edison NY to EZH**

20. Whether the Sublease from Con Edison NY to EZH should be treated as a true lease for federal income tax purposes? In deciding this issue, courts have considered the following subsidiary issues:

a. whether Con Edison NY's leasehold interest in the RoCa3 Facility will have a significant remaining economic useful life at the end of the Sublease to EZH?

b. whether Con Edison NY's leasehold interest in the RoCa3 Facility will have a significant residual value at the end of the Sublease to EZH?

c. whether Con Edison NY will maintain a minimum equity investment in its leasehold investment in the RoCa3 Facility during the term of the Sublease to EZH?

d. whether, as of December 15, 1997, it was certain, or whether it was speculative, that EZH would exercise its Sublease Purchase Option to purchase Con Edison's leasehold interest in the RoCa3 Facility?

*Hines*, 912 F.2d at 739; *Rice's Toyota*, 752 F.2d at 92, 94-95; *Frank Lyon*, 435 U.S. at 581; *Transamerica Corp. v. United States*, 15 Cl. Ct. 420, 442 (1988), *aff'd*, 902 F. 2d 1540 (Fed. Cir. 1990); *Lockhart Leasing*, 446 F.2d at 269; *Levy*, 91 T.C. at 859-62; *Torres*, 88 T.C. at 720-21; *Mukerji*, 87 T.C. at 926; *Estate of Thomas*, 84 T.C. at 33-34; *Dunlap*, 74 T.C. at 1435-37; *Belz*, 72 T.C. at 1209; *Penn-Dixie Steel Corp v. Commissioner*, 69 T.C. 837 (1978); *Northwest Acceptance*, 58 T.C. 836; Rev. Rul. 55-540; Rev. Proc. 2001-28; Rev. Proc. 75-21.

## IV. <u>Credit Enhancement, Risk Mitigation, and Defeasance Issues</u>

21. Whether EZH or Con Edison NY should be treated as the owner of the funds in the Sublease Deposit for federal tax purposes if EZH remains legally liable to pay rent to Con Edison NY and the funds in the Sublease Deposit are available to EZH to satisfy that liability?

*Douglas v. Wilcuts*, 296 U.S. 1 (1935); Rev. Rul. 85-42, 1985-1 C.B. 36; Treas. Reg. § 1.61-13(b).

22. Whether EZH or Con Edison NY should be treated as the owner of the funds in the IJssel Deposit if those funds are under the control of EZH and either will be used to satisfy EZH's obligations or returned to EZH?

*Douglas*, 296 U.S. 1; Rev. Rul. 85-42; Treas. Reg. § 1.61-13(b).

23. Whether EZH or Con Edison NY should be treated as the owner of the funds in the IJssel Deposit and the Sublease Deposit if EZH bears the risk of default with respect to these Deposits and bears interest rate risk with respect to the IJssel Deposit?

*Douglas*, 296 U.S. 1; Rev. Rul. 85-42; Treas. Reg. § 1.61-13(b).

24. Whether exposure to a significant risk of non-payment by the lessee (*i.e.*, credit risk) is necessary for a transaction to qualify as a lease for federal tax purposes?

*Gefen v. Commissioner*, 87 T.C. at 1494 n.15, 1503.

25. Whether Con Edison NY's attempt to mitigate or reduce credit risks presented in the EZH Lease Transaction should be treated as evidence that the transaction lacks economic substance?

*Compaq Computer Corp. v. Commissioner*, 277 F.3d 778, 787 (5th Cir. 2001); *United Parcel Service*, 254 F.3d at 1018; *IES Industries, Inc. v. United States,* 253 F.3d 350, 355 (8th Cir. 2001).

26. Whether the presence of an in-substance defeasance arrangement can be a factor in recharacterizing a financial transaction for federal income tax purposes if the existence of the

defeasance arrangement does not change the expectation of payment on the obligation from speculative to nonspeculative?

Treas. Reg. § 1.1001-3(e)(4)(iv)(A).

27. Whether the credit quality of investments used to economically defease an obligation is a factor in determining the character of the obligation and defeasance for Federal income tax purposes?

Rev. Rul. 85-42, 1985-1 C.B 36.

## V. Non-Recourse Debt Issues

28. Whether non-recourse debt used in a leveraged lease transaction should be respected for federal tax purposes if the fair market value of the leased asset throughout the life of the lease is expected to exceed the amount of the debt, such that the investor is expected to have an equity investment in the leased asset which it is unlikely to abandon?

*Crane v. Commissioner*, 331 U.S. 1 (1947); *Rice's Toyota*, 752 F.2d at 93-94; *Estate of Franklin v. Commissioner*, 544 F.2d 1045, 1048 (9th Cir. 1976); *Gefen*, 87 T.C. at 1493-94; *Levy*, 91 T.C. at 861-62; *Torres*, 88 T.C. at 720-21; *Dunlap*, 74 T.C. at 1435.

29. Whether non-recourse debt should be respected if the debt is incurred to purchase an asset expected to produce a pre-tax profit?

*Stanton v. Commissioner*, 34 T.C. 1 (1960).

## VI. Future Interest Issue

30. Whether Con Edison NY has acquired a present interest in the RoCa3 Facility?

*BB&T Corporation v. United States*, 2007 WL 37798 (M.D.N.C. 2007), *appeal docketed*, No. 07-1177 (4th Cir. March 1, 2007); *Mukerji*, 87 T.C. at 967-68; *Estate of Thomas*, 84 T.C. at 432-34; *Dunlap*, 74 T.C. at 1437.

31. Whether Con Edison NY can be treated as a lessor for federal tax purposes if EZH has the use and possession of the RoCa3 Facility under the terms of the Sublease?

*Frank Lyon*, 435 U.S. at 583-84; *BB&T*, 2007 WL 37798; *Comdisco v. United States*, 756 F.2d 569 (7th Cir. 1985); *Torres*, 88 T.C. at 721.

32. Whether Con Edison NY can be treated as a lessor for federal tax purposes if EZH has the right to the profits from the RoCa3 Facility during the term of the Sublease?

*Frank Lyon*, 435 U.S. at 583-84; *BB&T*, 2007 WL 37798; *Comdisco*, 756 F.2d at 569; *Torres*, 88 T.C. at 721.

33. Whether Con Edison NY can be treated as a lessor for federal tax purposes if EZH has the responsibilities for maintenance and insurance of the RoCa3 Facility under the terms of a net lease?

*Frank Lyon*, 435 U.S. at 567; *BB&T*, 2007 WL 37798; *Comdisco*, 756 F.2d at 459; *Torres*, 88 T.C. at 721; *Mukerji*, 87 T.C. at 962; *Estate of Thomas*, 84 T.C. at 433; *Dunlap*, 74 T.C. at 1434.

34. Whether Con Edison NY can be treated as a lessor for federal tax purposes if EZH's continued use and possession of the RoCa3 Facility is explicitly contingent upon EZH's continuing satisfaction of its Sublease obligations?

*Frank Lyon*, 435 U.S. at 583-84; *BB&T*, 2007 WL 37798; *Comdisco*, 756 F.2d at 569; *Torres*, 88 T.C. at 721.

35. Whether a transaction that is (a) documented as a lease, (b) meets traditional tax guidelines for treatment as a lease, and (c) grants possessory rights in the leased asset to the lessee which are conditioned upon the lessee's continuing satisfaction of its rent and other lease obligations, can be recharacterized as granting to the "lessor" only a future interest in the asset rather than a present interest subject to a lease?

*Alstores Realty Corp. v. Commissioner*, 46 T.C. 363 (1966); *Ashlock v. Commissioner*, 18 T.C. 405 (1952); *Kreusel v. United States*, 12 A.F.T.R.2d 5701 (D. Minn. 1963).

36. Whether Con Edison NY has a current interest in its leasehold interest in the RoCa3 Facility if EZH's continuing use and possession of the RoCa3 Facility is dependent upon

and constrained by its continuing performance of its obligations under the Sublease Agreement, including the obligation to pay rent to Con Edison NY?

*Frank Lyon*, 435 U.S. at 583-84.

37. Whether Con Edison NY has a current interest in its leasehold interest in the RoCa3 Facility if any of the following events would require EZH to make a large cash payment to terminate Con Edison NY's interest before expiration of the Sublease Basic Term and such cash payment in some circumstances equals the fair market value of the RoCa3 Facility?

a. EZH's determination that the RoCa3 Facility is obsolete or surplus to its needs;

b. the loss or destruction of the Facility;

c. the acquisition by Con Edison NY of a competitor to EZH;

d. EZH becomes liable for additional taxes as a result of the Transaction;

e. it becomes illegal for EZH to continue as Sublessee; or

f. condemnation or seizure of the RoCa3 Facility by a government.

*Frank Lyon*, 435 U.S. at 583-84.

Plaintiff does not believe that the Defendant's request for pretrial briefs at this point is necessary or timely. Plaintiff believes that the parties, by their separate statements herein, have framed the legal issues presented.

**DEFENDANT'S SEPARATE STATEMENT:**

The Government believes that there are three issues of law in this case. The issues are as follows:

(1). Does the substance of the Plaintiff's ROCA3 Lease-In Lease-Out Transaction comports with its form, so as to provide Plaintiff with a current leasehold interest in the ROCA3 Facility that should be respected for federal income tax purposes?

(2). Does the Hollandsche Bank-Unie N.V. ("HBU") Investor's Commitment in the amount of $80,792,270$80 constitute bona fide indebtedness of Plaintiff?

(3). Does Plaintiff's ROCA3 Lease-In Lease-Out Transaction possess economic substance?

These issues were previously identified by both parties in the Joint Preliminary Status Report filed on September 11, 2006. See Docket No. 11. The United States believes that these issues control the disposition of this case.

The United States objects to Plaintiff's foregoing ten-page argumentative listing of issues, which in fact constitutes a brief not provided for in the Court's Order of August 31, 2007. The United States believes that it would be useful for the Court to order each of the parties to file a short pre-trial brief of no more than 5 to 10 pages (*cf*. RCFC App. A, para. 14(a)(3)), and after trial to file more lengthy proposed findings of fact and conclusions of law (pursuant to RCFC App. A, para. 19).

Respectfully submitted this 14th day of September, 2007.

/s/ David F. Abbott
David F. Abbott
Attorney of Record
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
Tel: (212) 506-2642
Fax: (212) 849-5642
dabbott@mayerbrown.com
Attorney for Plaintiff

/s/ David N. Geier
David N. Geier
Attorney of Record
Trial Attorney, Tax Division
Joseph A. Sergi
Adam Smart
Trial Attorneys, Tax Division
U.S. DEPARTMENT OF JUSTICE
Post Office Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 616-3448
Fax: (202) 307-0054
David.N.Geier@usdoj.gov

Richard T. Morrison
Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal Claim Section