**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. & SUBSIDIARIES,** | ) | |
| **Plaintiff,** | ) | **No. 06-305 T** |
| **v.** | ) | **Judge Marian Blank Horn** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**<u>JOINT STATEMENT OF WITNESSES</u>**
**<u>TO BE CALLED AT TRIAL</u>**

The Plaintiff, Consolidated Edison Company of New York and Subsidiaries, and the Defendant, the United States of America, pursuant to the Court's Scheduling Order revised August 31, 2007, submit this Joint Statement of Issues of Witnesses to be Called at Trial.

Below are the parties' witnesses and their best estimates of direct examination time. The Defendant's estimates are set forth as if Plaintiff will not call the witness in their case in chief. To the extent that Plaintiff calls these witnesses, these estimates are subject to change.

**PLAINTIFF'S SEPARATE STATEMENT:**

**<u>FACT WITNESSES</u>**

1. <u>Kevin Burke</u> – 3-4 hours direct

Mr. Burke is currently the Chairman and CEO of Consolidated Edison, Inc. He will provide testimony on Con Edison NY's plans to make unregulated investments in response to the deregulation of Con Edison NY's business and how the EZH Lease transaction was consistent with these plans.

2. Brian DePlautt – 4-5 hours direct

Mr. DePlautt is a former vice president of Consolidated Edison Development. He will provide testimony regarding the implementation of the EZH Lease transaction and its role in Con Edison NY's business.

3. Richard Ellsworth – 2 hours direct

Mr. Ellsworth is an employee of Deloitte & Touche. He will provide testimony regarding the Deloitte & Touche appraisal.

4. Joan Freilich – 2-3 hours direct

Ms. Freilich is a former board member of Consolidated Edison Development and former chief financial officer of Consolidated Edison, Inc. She will provide testimony regarding the review of the EZH Lease Transaction, its expected earnings, benefits and its accounting.

5. Luis Gonzalez – 2 hours direct

Mr. Gonzalez is a former employee of Duke Engineering and Services. He will provide testimony regarding the Duke Engineering Report.

6. Robert Holzman – 6-8 hours direct

Mr. Holzman is a former employee of Cornerstone Financial Advisors. He will provide testimony regarding the negotiations and due diligence process involved in the EZH Lease transaction. In addition, Mr. Holzman will provide testimony regarding the structure and pricing of the transaction.

7. Mary Jane McCartney – 3 hours direct

Ms. McCartney is the former chairperson of Consolidated Edison Development. She will provide testimony regarding Con Edison Development's business strategy and its review of the EZH Lease Transaction.

8. Eugene McGrath – 3 hours direct

Mr. McGrath is the former chairman and CEO of Consolidated Edison, Inc. He will provide testimony regarding an overview of the deregulation process and how it affected Con Edison's business and exploration of new unregulated investments.

9. Phillip Mintun – 4 hours direct

Mr. Mintun is an employee of Capstar. He will provide testimony regarding the transaction from the perspective of advising EZH, including the risks presented to EZH.

10. Charles Muoio – 3 hours direct

Mr. Muoio is the former president of Consolidated Edison Development. He will provide testimony on Con Edison Development's plans for international investments, overall strategy, and how the EZH Lease Transaction was consistent with these plans.

11. Hans Niewenhuis – 1-2 hours direct

Mr. Niewenhuis is an employee of Tauw Milieu. He will provide testimony on the environmental due diligence performed for the EZH Lease Transaction.

12. Richard Radini – 1-2 hours direct

Mr. Radini is a former employee of Duke Engineering and Services. He will provide testimony regarding the Duke Engineering Report.

**EXPERT WITNESSES**

13. David M. Ellis – 3 hours direct

Dr. Ellis will provide testimony on the structure, the economics, and the role of tax benefits in leveraged leasing. Dr. Ellis will also provide rebuttal testimony in response to Mr. Bent, Mr. LaRue, Mr. Thomas, and Mr. Ray in regard to the role of defeasance in leasing and other business transactions and the role of tax benefits in leveraged leasing transactions.

14. A.J. Goulding – 4 hours direct

Mr. Goulding will provide testimony on the following subjects:

(a) whether, in view of the state of the Dutch energy market in 1997, it was reasonable for Con Edison NY to make an investment in the RoCa3 Facility;

(b) whether Deloitte & Touche's description of the Dutch regulatory system was accurate;

(c) whether international acquisitions of energy assets by U.S. utilities were common in 1997;

(d) whether, as of December 15, 1997, it was reasonable to expect that EZH would not be under any compulsion to exercise its Sublease Purchase Option; and

(e) whether, as of December 15, 1997, it was reasonable to expect that in 2018 Con Edison NY would be allowed to possess an operating interest in the RoCa3 Facility.

Mr. Goulding will also provide rebuttal testimony with respect to conditions in the Dutch energy markets in 1997 and the role of tax benefits in energy investments.

15. John P. Kelly – 4 hours direct

Mr. Kelly will provide testimony concerning his appraisal review of the Deloitte & Touche Appraisal report and its conclusions.

16. John J. Reed – 3 hours direct

Mr. Reed will provide testimony concerning the uncertainty of the future value of the RoCa3 Facility and how this uncertainty is likely to affect the parties' future decisions. Mr. Reed will also provide rebuttal testimony concerning the economic risks associated with the EZH Lease Transaction.

17. James S. Schallheim – 1-2 hours direct

Professor Schallheim will provide testimony in rebuttal to Jacob Thomas, Samuel M. Ray, Jeffrey Tranen, and David LaRue with regard to the role of tax benefits in leveraged leasing and the presence of options in leasing contracts.

18. Roman L. Weil – 3 hours direct

Mr. Weil will provide testimony concerning the rules of leveraged lease accounting as they apply to the EZH Lease Transaction. Mr. Weil will also provide rebuttal testimony concerning the application of accounting rules to the Sublease Deposit and the IJssel Deposit. Mr. Weil will also provide rebuttal testimony in response to Mr. Thomas' assertions concerning accounting earnings and in response to Mr. LaRue's calculations of Con Edison NY's profit.

**DEFENDANT'S SEPARATE STATEMENT:**

**FACT WITNESSES**

1. Andrew Scher

Mr. Scher was the corporate secretary to Consolidated Edison Leasing, Inc. and provided legal advice in connection with the Lease Transaction. The facts known to Mr. Scher include legal advice provided to Plaintiff related to the transaction. Plaintiff has waived any privilege on this advice. Mr. Scher was identified on Plaintiff's 26(a) disclosures. Mr. Scher signed all discovery responses and had the primary responsibility for gathering documents. Finally, Mr. Scher was designated by Plaintiff in response to a subpoena issued under RCFC 30(b)(6), which sought information on various topics related to the issues in this suit. Mr. Scher is not on Plaintiff's Witness list.

Estimated time for direct examination: 8 hours

2. Eugene McGrath

Mr. McGrath was the chairman and CEO of Consolidated Edison, Inc. at the time of the Transaction. Mr. McGrath is expected to testify about the decision to enter into the Transaction and Plaintiff's alleged business purpose.

Estimated time for direct examination: 5 hours

3. Brian DePlautt

Mr. DePlautt was a Vice President of Con Edison Development and was responsible for implementation of the Lease Transaction. Mr. Deplautt was identified on Plaintiff's 26(a) disclosures. Mr. DePlautt is expected to testify about the implementation and review of the Transaction, including the evaluation, and mitigation, of risks to Plaintiff.

Estimated time for direct examination: 8 hours

4. Charles Muoio

Mr. Muoio was President of Con Edison Development and was responsible for reviewing the decision to enter into the Transaction. Mr. Muoio was identified on Plaintiff's 26(a) disclosures. Mr. Muoio is expected to provide testimony related to his involvement in the Transaction and Plaintiff's alleged business purpose.

Estimated time for direct examination: 6 hours

5. Joan Freilich

Ms. Freilich was a member of the board of directors of Consolidated Edison Development, Inc. and was responsible for reviewing the decision to enter into the Lease Transaction. Ms. Freilich was identified on Plaintiff's 26(a) disclosures. Ms. Freilich is expected to testify about her review of the transaction, financial reporting requirements and Plaintiff's alleged business purpose.

Estimated time for direct examination: 5 hours

6. Mary Jane McCartney

Ms. McCartney was a member of the board of directors of Con Edison Development and, together with other board members, was responsible for reviewing the decision to enter into the Transaction. Ms. McCartney is expected to testify about her review of the Transaction and Plaintiff's non-tax business purpose.

Estimated time for direct examination: 5 hours

7. Kevin Burke

Mr. Burke was a Vice President of Consolidated Edison Co. of New York, Inc. and was responsible for developing Consolidated Edison Co. of New York, Inc.'s corporate goals for its unregulated subsidiaries. Mr. Burke was identified on Plaintiff's 26(a) disclosures. Mr. Burke is expected to testify regarding Plaintiff's alleged business purpose.

Estimated time for direct examination: 3 hours

8. Robert D. Holzman

Mr. Holtzman worked for Cornerstone Financial Advisors L.P. and assisted Plaintiff in the Transaction. Mr. Holzman was identified on Plaintiff's 26(a) disclosures. He is expected to testify about the structure and implementation of the Transaction.

Estimated time for direct examination: 8 hours

9. Phillip Mintun

Mr. Mintun worked for Capstar Financial Partners and represented EZH in the Transaction. Mr. Mintun was identified on Plaintiff's 26(a) disclosures. He is expected to testify regarding EZH's involvement in the Transaction and the mechanics of the Transaction.

Estimated time for direct examination: 5 hours

10. Richard K. Ellsworth

Mr. Ellsworth worked for Deloitte Consulting and prepared a valuation of the RoCa3 Facility. Mr. Ellsworth was identified on Plaintiff's 26(a) disclosures. Mr. Ellsworth is expected to provide testimony about Deloitte's review of the Transaction.

Estimated time for direct examination: 3 hours

11. Louis Gonzalez

Mr. Gonzalez worked for Duke Energy & Services and provided an engineering valuation of the RoCa3 Facility. Mr. Gonzalez was identified on Plaintiff's 26(a) disclosures. He is expected to testify about the Duke report.

Estimated time for direct examination: 2 hours

12. Richard Radini

Mr. Radini worked for Duke Energy & Services and provided an engineering valuation of the RoCa3 Facility. Mr. Radini was identified on Plaintiff's 26(a) disclosures. He is expected to testify about the Duke report.

Estimated time for direct examination: 2 hours

13. Hans Niewenhuis

Mr. Niewenhuis worked for Tauw Milieu and provided a report concerning the Facility. Mr. Niewenhuis was identified on Plaintiff's 26(a) disclosures. He is expected to testify about this report.

Estimated time for direct examination: 2 hours [1]

**EXPERT WITNESSES**

14. Paul Bent

Mr. Bent is expected to provide expert testimony on the following subjects:

(a) What is the expected source of funds for the Sublease Purchase Option under the Sublease Agreement?

(b) What role does equity defeasance play in the Transaction?

(c) What role does debt defeasance play in the Transaction?

(d) Mr. Bent is also expected to provide rebuttal testimony.

Estimated time for direct examination: 8 hours

15. Sam Ray

Mr Ray is expected to provided expert testimony regarding his examination of the business economics, benefits and risks involved in the RoCa3 transaction and his opinion regarding the business reason for the investment.

Mr. Ray is also expected to provide rebuttal testimony.

Estimated time for direct examination: 4 hours

16. Jeffrey Tranen

Mr. Tranen is expected to provide expert testimony regarding whether the Transaction was substantively supportive of the stated non-tax business purpose of Con Edison.

Estimated time for direct examination: 4 hours

[1] Mr. Niewenhuis resides out of the country, and the parties have agreed to take his deposition immediately prior to his appearance at trial. As a result, the government has provided a rough estimate as to the time necessary to take his testimony.

17. Jacob Thomas

Dr. Thomas is expected to provide expert testimony regarding whether Plaintiff had a reasonable possibility of realizing a net economic profit, holding aside the tax benefits.

Estimated time for direct examination: 5 hours

Dr. Thomas is also expected to provide rebuttal testimony.

18. David Larue

Dr. Larue is expected to provide expert testimony regarding

(a) The amount, timing, and present value of the actual pre-tax free cash flows that CELI was assured or reasonable assured of receiving (or that it could reasonably expect to receive) in connection with its investment in the Lease.

(b) The amount, timing, and net present value of the projected income tax savings and costs that the Transaction was expected to generate for CELI and the consolidated group of which it was a member.

(c) Whether there was a reasonable expectation of pre-tax economic profit to CELI from its investment in the Lease.

(d) Whether the present value of the projected after-tax cash flows exceeded the present-value of the projected pre-tax cash flows, and, if so, by what relative amount.

(e) Whether CELI bore any substantial, genuine risk of incurring an economic loss on its investment in the Lease.

(f) Whether the economic consequences of CELI's investment in the Lease were pre-ordained, i.e., whether or not they were fixed and determinable as of the date CELI entered into the Transaction, or, stated differently, whether or not EZH ever relinquished to CELI any of the benefits (rewards) or burdens (risks) of ownership of the undivided leasehold interest in the Facility.

Dr. Larue is also expected to provide rebuttal testimony.

Estimated time for direct examination: 8 hours

Dated: September 21, 2007

/s/ David F. Abbott
David F. Abbott
Attorney of Record
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
Tel: (212) 506-2642
Fax: (212) 849-5642
dabbott@mayerbrown.com
Attorney for Plaintiff

/s/ David N. Geier
David N. Geier
Attorney of Record
Joseph A. Sergi
Adam Smart
Trial Attorneys, Tax Division
U.S. DEPARTMENT OF JUSTICE
Post Office Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 616-3448
Fax: (202) 307-0054
David.N.Geier@usdoj.gov

Richard T. Morrison
Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal Claim Section