**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-305 T<br>Judge Marian Blank Horn |
| UNITED STATES, | ) | |
| Defendant, | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT ITS MEMORANDUM REGARDING PROBABLE EVIDENTIARY DISPUTES THAT WILL ARISE WITH RESPECT TO THE GOVERNMENT'S SPOLIATION OF EVIDENCE CLAIM**

Plaintiffs, Consolidated Edison Company of New York, Inc. & Subsidiaries ("Con Ed"), respectfully submit this motion for leave to file a memorandum regarding evidentiary disputes that are likely to arise with respect to the government's spoliation of evidence claim. That memorandum, which (per usual practice) is being attached to this submission, relates to issues that Con Ed expects will be raised during government counsel's anticipated examination of Mr. Andrew Scher, which is scheduled to begin later this week (on either Wednesday or Thursday November 7-8).

Mr. Scher is an in-house, Con Ed attorney who is being called as a witness by the government during defendant's case-in-chief. In the attached memorandum, Con Ed demonstrates that the government cannot lay a proper foundation for several of its anticipated inquiries during Mr. Scher's testimony—and/or that those inquiries are irrelevant. Although plaintiff could appropriately present its evidentiary objections when irrelevant questions or questions lacking proper foundation are posed by government counsel, Con Ed respectfully submits that judicial efficiency will be enhanced if plaintiff is permitted to provide notice and a

brief discussion of these issues to the Court prior to Mr. Scher's testimony. Submission and consideration of the attached brief will permit sufficient consideration of the legal issues presented by the government's anticipated inquiry, and of the objections Con Ed will present.

Among other issues, Con Ed demonstrates in the attached memorandum that the government's spoliation claim, as it has been described to date, is inconsistent with an important, prior ruling of this Court regarding application of the "work product doctrine" to several Con Ed documents. Per the Court's June 6, 2007 order, those documents were produced during discovery. That ruling—and its underlying findings and rationale—is now "law of the case," and defense counsel should not be permitted to probe areas that are foreclosed by the Court's previous findings.

Because judicial efficiency will be promoted by full consideration of the issues addressed in the attached memorandum prior to the beginning of Mr. Scher's testimony, we respectfully ask that the Court accept this submission at this time.

Respectfully submitted,

s/ David F. Abbott

DAVID F. ABBOTT
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
Tel (during trial): (202) 280-2421
Fax (during trial): (202) 347-0404

Of Counsel:

MARCIA G. MADSEN
LUKE LEVASSEUR
MAYER BROWN LLP
Washington, D.C.
*Counsel for Plaintiff*
November 5, 2007