**No. 06-305 T**
**(Judge Marian Blank Horn)**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**CONSOLIDATED EDISON COMPANY**
**OF NEW YORK, INC. & SUBSIDIARIES**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**THE UNITED STATES' RESPONSE TO PLAINTIFF'S MEMORANDUM REGARDING PROBABLE EVIDENTIARY DISPUTES THAT WILL ARISE WITH RESPECT TO THE GOVERNMENT'S SPOLIATION OF EVIDENCE CLAIM**

Plaintiff takes the position, based on the "law of the case" doctrine, that the Government should be precluded from presenting any evidence of plaintiff's alleged failure to preserve potentially relevant evidence. Pl. mem., p. 5. In support of that contention, plaintiff relies on excerpts from the transcript of a hearing in this case held on June 7, 2007. The Court's findings and conclusions following that hearing were embodied in its Order entered June 11, 2007, in which the Court rejected plaintiff's claim of work-product privilege with respect to three documents that the Court reviewed *in camera*. *Id.* In that Order, the Court stated as follows:

> Furthermore, after *in camera* review, defendant's first motion to compel was GRANTED in a bench ruling. The court concluded that the plaintiff's documents sought by defendant did not meet the test of preparation in anticipation of litigation, and were not protected from disclosure under the attorney work-product privilege. The tax risk letter, the tax change letter, and the in-house memorandum at issue shall be disclosed to defendant. Dkt. # 38, p. 1.

Plaintiff contends that, because the Court found that the three documents identified in the Order were not prepared in anticipation of litigation, for purposes of making a valid claim of work-product privilege, the Court is now precluded under the “law of the case” doctrine from finding that plaintiff had any duty to preserve evidence from the time that those three documents were prepared in 1997 through the close of the IRS examination in 2005. Accordingly, plaintiff seeks to limit the testimony of its employee, defendant’s witness Andrew Scher, as a matter of law, on the grounds that, by denying plaintiff’s claim of work-product privilege, the Court has, in effect, already determined that plaintiff had no duty to preserve evidence in this case.[1]

Plaintiff’s reasoning is flawed in several respects. First, plaintiff misconstrues the Court’s June 11 Order. In that Order, the Court ruled only that the three documents it reviewed *in camera* were not prepared in anticipation of litigation. Dkt. No. 38, p. 1. The Court did not make any findings or conclusions regarding the time at which plaintiff’s duty to preserve evidence was triggered in this case. That issue was not before the Court at that time. Rather, the issue before the Court was the Government’s motion to compel production of documents with respect to which plaintiff had claimed work-product privilege. The Court ruled that the documents were not protected from disclosure. The Court’s Order, on its face, says nothing of plaintiff’s duty to preserve evidence in this case, and no conclusions on that issue can be inferred from the Court’s denial of plaintiff’s claim of work-product privilege.

---

[1] Plaintiff also contends that the Government should be precluded from arguing that plaintiff failed to preserve embedded data in certain electronically stored documents, citing the new federal e-discovery rules set forth in Fed. R. Civ. P. 26(f). Pl. mem., p. 7. The Government does not seek embedded data in this matter.

Second, plaintiff is incorrect in its assumption that "the same 'anticipation of litigation' standard controls both the work product and document preservation inquiries." Pl. mem., p. 5. Indeed, the case on which plaintiff relies for that proposition makes clear that the same standard does *not* apply to both inquiries. In *AAB Joint Venture v. United States*, 75 Fed. Cl. 432 (2007), in ruling on AAB's motion to compel production of documents, this Court addressed both AAB's claim that the Government failed to preserve evidence for litigation, *id.* at 440, and the Government's claim of work-product privilege with respect to production of 35 specific documents requested by AAB, *id.* at 444. In analyzing the Government's duty to preserve evidence, the Court stated:

> Federal courts have long recognized a duty of the parties to preserve relevant evidence for litigation. The duty to preserve attaches not just when suit is filed, but whenever a party knows or should know that evidence may be relevant to anticipated litigation. The scope of the duty to preserve extends to electronic documents, such as e-mails and back-up tapes.

*Id.* at 440-441, citing, *inter alia*, *Kronish v. United States*, 150 F.3d 112, 126 ("The obligation to preserve evidence arises . . . most commonly when suit has already been filed, . . . but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation."). On the facts presented in that case, this Court concluded that the Government's duty to preserve evidence began when an administrative "request for equitable adjustment" was filed in July 2002, approximately 2 years prior to the commencement of the litigation. *Id.* at 442.

Turning to the Government's claim of work-product privilege, the Court noted that all of the 35 documents at issue were generated after July 2002, the date on which the Court determined that the Government "could reasonably have anticipated litigation and was,

therefore, obligated to preserve documents for discovery purposes." *Id.* at 445. The Court observed, "[i]t would be incongruous for the Court to find that Defendant had a duty to preserve documents for discovery because of impending litigation, yet could not assert the work product doctrine to protect documents prepared in anticipation of that litigation." *Id.* Nevertheless, applying the standard applicable to the work product doctrine, the Court ultimately concluded that the Government had failed to show that the 35 documents at issue were protected from disclosure as work product:

> Defendant fails to set forth objective facts to support its claim of [work-product] privilege. Moreover, Defendant does not show that there was a *real* possibility, rather than just a remote possibility, of litigation at the time of preparation of the work product, and that the documents were prepared in anticipation of litigation rather than for a business purpose. Accordingly, the Court finds Defendant's invocation of the work product doctrine to be deficient. *Id.*

Thus, *AAB Joint Venture* makes clear that the assertion in plaintiff's memorandum herein that "the same 'anticipation of litigation' standard controls both the work product and document preservation inquiries" is incorrect.

Third, determining whether a party has made a valid claim of work-product privilege requires a document-by-document analysis that focuses not only on the timing of the preparation of the document but also the purpose for the preparation of the document–*i.e.*, whether its purpose was for business reasons or in anticipation of litigation. *Id.* at 444-445*; Pac. Gas & Elec. Co. v. United States*, 69 Fed. Cl. 784, 798, 808 (2006). This is a more stringent analysis than that required in determining the point in time at which a party had an obligation to preserve evidence. *See, AAB Joint Venture,* 75 Fed. Cl. at 445. Thus, when a Court finds that a party has failed to set forth a valid claim of work-product privilege with respect to a particular document,

one cannot infer from that decision that, at the time that document was prepared, the party otherwise had no obligation to preserve any documents whatsoever.

Finally, plaintiff's attempt to prevent the Government from making a case for spoliation of evidence at this stage of the proceedings is improper. During the pre-trial proceedings, the parties submitted joint statements of issues of law and issues of fact. Dkt. Nos. 54 and 59. The issue of failure to preserve evidence was included in both joint statements. Dkt. No. 54, p. 2; Dkt. No. 59, p. 3, ¶ 21. Further, this issue was discussed by the parties at the pre-trial conference in this matter. At no time prior to trial did plaintiff raise its new theory that this issue is precluded under the law of the case doctrine. In fact, plaintiff agreed to the admission of the depositions of Dawson Newberry (Ex. 1335) and Terence Walsh (Ex. 1336), both of which were specifically focused on this exact issue. The parties jointly presented the spoliation issue as one of fact and law for trial and post-trial briefing in this matter.

In conclusion, plaintiff has failed to show any legal basis on which to bar the Government from presenting its case on this issue. Thus, the United States respectfully requests that the Court deny plaintiff's request to limit Mr. Scher's testimony and that the Court allow the

Government an opportunity to present evidence on plaintiff's failure to preserve evidence in this matter.

Respectfully submitted,

s/ David N. Geier
DAVID N. GEIER
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Washington, D.C. 20044
Telephone: (202) 616-3448
Facsimile: (202) 307-0054

RICHARD T. MORRISON
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Mary M. Abate
Of Counsel

November 6, 2007