**No. 06-305 T**
**(Judge Marian Blank Horn)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**CONSOLIDATED EDISON COMPANY**
**OF NEW YORK, INC. & SUBSIDIARIES**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

## UNITED STATES' STATEMENT OF SPOLIATION CLAIM

The Government's spoliation of evidence claim is premised upon representations Plaintiff made in a Memorandum in Response to Defendant's Motion to Compel (Docket No. 26, hereinafter "Response at ____.") and the supporting affidavit of Andrew Scher (Trial Ex. No. 1318).

Specifically, Plaintiff has conceded that as early as October 23, 1997, the date Mr. Scher prepared an In-House Memorandum about the LILO transaction at issue, Plaintiff believed that litigation was "extremely likely" (Response at 10) and further, that the circumstances surrounding the transaction "demonstrate the reasonableness of [Plaintiff's] expectation of litigation" (Response at 11). In the alternative, Plaintiff certainly anticipated litigation by March 1999, when: (1) the IRS released Revenue Ruling 99-14 which gave notice of its decision to deny deductions generated as a result of entering into LILO transactions such as the one before the Court; and (2) Andrew Scher prepared a "Draft analysis of IRS Ruling as applied to EZH and

Nuon transactions" (Bates CE 065578). Plaintiff has declined to turn over this analysis under a claim of work-product.

The destruction of emails occurred in 2000 with knowledge of the likelihood of litigation. Because Plaintiff anticipated that it was going to be a party to a lawsuit, it was under a duty to preserve any email and email attachments which may be relevant and useful to the Government's claims and defenses and which were in existence on, or created subsequent to, October 23, 1997, the date of the In-House Memorandum. In the alternative, the duty to preserve records arose in March 1999, the date of the Revenue Ruling and Plaintiff's work-product analysis of that ruling.

The failure to preserve records warrants a sanction in the form of an adverse inference that the information destroyed, if available, would have been favorable to the United States and harmful to Consolidated Edison.

Respectfully submitted,

s/ David N. Geier
DAVID N. GEIER
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Washington, D.C. 20044
Telephone: (202) 616-3448
Facsimile: (202) 307-0054

RICHARD T. MORRISON
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

November 14, 2007