**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-305 T<br>Judge Marian Blank Horn |
| UNITED STATES, | ) | |
| Defendant, | ) | |

**PLAINTIFF'S RCFC 52(c) MOTION SEEKING A JUDGMENT ON PARTIAL FINDINGS, DISMISSING THE GOVERNMENT'S SPOLIATION OF EVIDENCE CLAIM**

Pursuant to RCFC 52(c), plaintiffs, Consolidated Edison Company of New York, Inc. & Subsidiaries ("Con Edison"), respectfully submit this motion for judgment on partial findings and dismissal of the government's spoliation of evidence claim.

After the government confirmed that it has called its last fact witness in its case-in-chief, including therefore its spoliation claim, Nov. 14 (Rough) Tr. at 85:7-20, Con Edison orally made three motions for Judgment on Partial Findings (Nov. 14 (Rough) Tr. 85:22-25). Con Edison presented these motions both to frame the actual issues in dispute and because of the Government's complete failure of proof with regard to its spoliation claim. Con Edison also preserved its right to present a rebuttal case, if necessary, depending upon the Court's ruling on Con Edison's motion for judgment pursuant to RCFC 52(c). The Court deferred the need for an immediate decision regarding Con Edison's potential rebuttal case (*see* Con Edison's memorandum regarding potential testimony from Luis E. Arritola, being filed contemporaneously with this motion), and set a separate briefing schedule with respect to the

Government's spoliation contention.[1] Con Edison's substantive briefing in support of this motion will be presented pursuant to the Court's schedule. As instructed by the Court, we present below only a brief statement of Plaintiffs' three Rule 52(c) motions for the record.

*First*, we indicated that the first of Con Edison's RCFC 52(c) motions was a request for a complete statement of the government's spoliation claim, which has not been presented to date. In describing the anticipated contents of a brief the Government is required to file this morning (November 15), the Court made clear that the Government was to provide such a statement, including statements as to dates or the time period of the claimed spoliation, so we hope that this issue will be resolved. Orally, the Government stated that its spoliation claim was based upon only an assertion of destruction of emails along with any possible attachments, not any other types of documents.

*Second*, Con Edison is entitled to judgment with respect to the Government's spoliation of evidence claim because the Government has failed in their burden of proof by failing to provide evidence that a party in Con Edison's position would have reasonably anticipated litigation at the relevant time set forth in the stated claim resulting from *First* above. A party only has a duty to preserve evidence, which is a necessary element of a spoliation claim, if it could reasonably anticipate litigation. The evidence makes clear that Con Edison could not have reasonably anticipated litigation until years after the November 2000 conclusion of the period covered by the Government's claim (as specified by Government counsel, Nov. 14 (Rough) Tr. at 124:7-12). The Government principally has relied orally on a brief filed regarding a discovery dispute filed in April 2007, and a subsequent declaration in support of that brief, to attempt to

[1] The Government will file its initial brief by December 13, 2007, in which it will set forth its spoliation evidence and legal argument. Con Edison's response is due on January 3, 2008. And the Government's reply, if any, will be due January 11, 2008, with oral argument to be set shortly after that date.

support its assertion that Con Edison anticipated that this matter would be litigated in court. But that reliance is misplaced and flawed in numerous respects, as we will demonstrate in the appropriate briefing. As Con Edison did not reasonably anticipate litigation until well after November 2000, the spoliation claim should be dismissed.

*Third*, Con Edison is entitled to judgment with respect to the Government's spoliation claim because the Government failed in their burden of proof by failing to elicit any testimony—or provide any other evidence—showing that any electronic communications purportedly lost would have been favorable to the Government and therefore any such destruction caused harm or prejudice to the Government's ability to present its case. Putting aside (for a moment) the fact that the Government has failed to establish that relevant documents were lost, it is required to demonstrate that any purported loss of electronic documents (which are the subject of the claim) harmed its ability to present its case in a specific manner. The Government failed to elicit any testimony to provide a foundation for this element of its claim. As there is a complete failure of proof on this issue, the spoliation of evidence claim should be dismissed.

For the reasons identified above, and for the reasons to be provided pursuant to the briefing schedule established by the Court, we respectfully ask that the government's spoliation of evidence claim be dismissed.

Respectfully submitted,

s/ David F. Abbott

DAVID F. ABBOTT
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
Tel (during trial): (202) 280-2421
Fax (during trial): (202) 347-0404

November 15, 2007

*Counsel for Plaintiff*