**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-305 T<br>Judge Marian Blank Horn |
| UNITED STATES, | ) | |
| Defendant, | ) | |

**PLAINTIFF'S MEMORANDUM REGARDING POTENTIAL TESTIMONY FROM LUIS E. ARRITOLA FOR PLAINTIFF'S REBUTTAL CASE**

Plaintiffs, Consolidated Edison Company of New York, Inc. & Subsidiaries ("Con Edison"), respectfully submit this memorandum regarding testimony from Luis E. Arritola, of the Internal Revenue Service ("IRS), during any presentation of rebuttal evidence by Con Edison, if required. As Con Edison explained during trial on November 14, 2007, Plaintiff requests the opportunity to present a rebuttal case with respect to the Government's spoliation claim. Plaintiff's need to present a rebuttal case will arise only in the event the Court denies Plaintiff's RCFC 52(c) motion (motion *Second*) which seeks dismissal of the Government's spoliation claim. In that event, Con Edison should have the opportunity to present rebuttal testimony that will confirm Plaintiffs' position regarding when it could have reasonably anticipated litigation with respect to the EZH transaction.

**1.** As the evidence presented thus far makes clear—and as cannot be reasonably disputed—the overwhelming majority of disputes with the IRS are resolved in the audit and appeals process. Not surprisingly, long after the audit of its 1997 tax return had begun, Con Edison continued to believe that its tax dispute regarding the EZH transaction would be resolved

in these manners. The audit ended with a Notice of Proposed Adjustment in December of 2002. The matter then went to the Appeals division of the IRS.

Mr. Scher's uncontradicted testimony establishes that, during the later part of the IRS appeals process, it became clear to Con Edison that the Company would not be able to bridge the gap between the IRS's proposed resolution of the dispute and the tax treatment that Con Edison was willing to accept. Nov. 14 Tr. (Rough) at 45: 20-25, 46: 1-17. At some time after the third meeting between IRS and Con Edison officials, in late 2005, Con Edison formally decided to initiate this lawsuit, which was filed in March 2006. Con Edison has always recognized that a reasonable person would have anticipated litigation sometime before the lawsuit was filed. In this case, the evidence demonstrates that the most reasonable timing for such a determination was when it became clear that, unlike most disputes in IRS appeals, Con Edison's dispute regarding the EZH tax treatment was unlikely to be resolved. Mr. Scher's testimony establishes that this occurred in the summer of 2005. *Id.* at 43: 25, 45: 20-25, 46: 1-17.

**2.** In contrast, the Government contends that a party like Con Edison would have anticipated litigation in 1997, before the EZH transaction was completed, when the Sherman & Sterling memos and the In-House memo were created. As a fallback position, the Government appears to contend that Con Edison should have anticipated litigation when Revenue Ruling 99-14 was issued, in March of 1999. Tr. at 3347: 24-25, 3348: 1-22.. Con Edison disagrees with the Government's positions. This Court has ruled that the three documents in question were not written with litigation in mind.

**3.** Plaintiff identified Mr. Arritola as a potential rebuttal witness when it made its Rule 52(c) motion. Plaintiff believes Mr. Arritola's rebuttal testimony would confirm that it was reasonable for Con Edison to believe that resolution of the EZH dispute was likely during the

IRS appeals process. Mr. Arritola was the senior IRS official who was responsible for the "Appeals Coordinated Issue Program Appeals Settlement Guidelines" for LILO transactions. As the coordinator responsible for this issue, he negotiated in good faith with Con Edison with respect to the EZH tax treatment during the appeals process. In fact, Mr. Arritola issued guidelines for the purpose of setting parameters for settlements to occur, and he actually settled Lease/Leaseback disputes. In short, Con Edison believes that his testimony will support the assertion that a reasonable taxpayer would *not* have concluded that litigation was necessary (or could be anticipated) at the beginning and during much of that IRS appeals process. However, for the reasons set forth below, Plaintiff now withdraws the specific request for leave to depose and add Mr. Arritola as a rebuttal witness at this time.

**4.** During trial on November 14, 2007, the Court set a briefing schedule with respect Plaintiff's RCFC 52(c) motion. The Court made clear that the record will be left open until after that briefing and decision process with regard to Plaintiff's RCFC 52(c) motion is completed. Consistent with judicial economy, as well as the time and expense of the parties, Con Edison understands and agrees the question whether any potential rebuttal witnesses must be elicited will be deferred until after that briefing and decision process.

Respectfully submitted,

s/ David F. Abbott

DAVID F. ABBOTT
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
Tel (during trial): (202) 280-2421
Fax (during trial): (202) 347-0404

November 15, 2007

*Counsel for Plaintiff*