# REPLY EXHIBIT 1

MAYER BROWN ROWE & MAW

August 2, 2007

Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, New York 10019-5820

Main Tel (212) 506-2500
Main Fax (212) 262-1910
www.mayerbrownrowe.com

**David F. Abbott**
Direct Tel (212) 506-2642
Direct Fax (212) 849-5642
dabbott@mayerbrownrowe.com

David N. Geier
Joseph A. Sergi
Adam R. Smart
U.S. Department of Justice
Tax Division
555 Fourth Street, N.W. Room 7919
Washington, D.C. 20001

Re: Consolidated Edison Company of New York, Inc. & Subsidiaries v. The United States, Docket No. 06-305 T

Dear David, Joe, and Adam:

This is in response to your e-mail of August 1 regarding the Consolidated Edison joint defense arrangements. The disclosed notes (PF300257) obviously constitute protected work product since they were prepared in 2003, long after the IRS had made it clear that it intended to litigate LILO issues. In fact the notes specifically refer to the IRS's intention to litigate LILO cases. I would also point out that these notes do not contain any privileged legal advice; rather they concern the statements of an IRS official and the reactions to those comments. Since these notes are protected by work product, their production to you does not waive protection on any other material.

In addition, the production of these notes was inadvertent due to an apparent malfunction in our database program. These notes, along with several other items, had been identified and marked as protected audit/litigation preparation material in our database. Since the notes were marked as audit/litigation material, they should have been excluded from the production request made in the database. While the production request correctly excluded all other items tagged as audit/litigation material, these items were not excluded, even though they were properly tagged in the database. These items are:

PF282289-90
PF300291
PF300259-70 (duplicates of or documents similar to 300257-58)

Since these items were produced due to a malfunction in the database program, after they had been properly marked as protected audit/litigation material, their production falls under the

rules regarding inadvertent disclosure. *See National Helium Corp. v. United States*, 219 Ct. Cl. 612 (1979). This is particularly true given the large volume of material involved and the short time frame for production. Accordingly, we request that you sequester this material and return it to us.

Very truly yours,

David Abbott /gg

David F. Abbott